389 So.2d 270 (1980)
Kathryn W. GUICE, As Personal Representative of the Estate of John Michael Guice, Deceased, Appellant,
v.
Harvell ENFINGER, Sheriff of Santa Rosa County, Florida, and Northeastern Fire Insurance Company of Pennsylvania, an Insurance Corporation, Appellees.
No. TT-125.
District Court of Appeal of Florida, First District.
October 7, 1980.
Rehearing Denied November 12, 1980.
Roderic G. Magie of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
*271 Julius F. Parker, Jr., of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellees.
McCORD, Judge.
Appellant appeals from a final summary judgment entered by the trial court in favor of appellees. Appellant filed this suit against appellees, the Sheriff of Santa Rosa County and his insurer, for the wrongful death of her husband who hung himself with his belt while incarcerated in the county jail. Appellant contends that the Sheriff's employees were negligent in failing to remove the deceased's belt from him when he was admitted to jail in an intoxicated condition and that the deceased's death was a reasonably foreseeable consequence of that negligence. We disagree.
On the night of March 29, 1977, deceased was arrested by officers of the Gulf Breeze Police Department and charged with driving while intoxicated and possession of a small amount of marijuana. He was taken to the Santa Rosa County Jail where he was allowed to make a phone call. The jailer testified that because he was aware of the deceased's intoxicated condition, he placed him in the sickbay, which is next to the jail office. He testified that he put the deceased to bed without removing any of his articles of clothing; that he checked on him several times during the night, the last check being made at 4:00 a.m.; that he found him sleeping on the bed each time. Around 7:00 a.m., another jail employee found that the deceased had hung himself with his belt.
The Superintendent of the Escambia County Jail testified that the Escambia County Sheriff's Department required the routine removal of all belts from all prisoners brought in for incarceration, whether or not they were drunk, for the specific purpose of preventing prisoners from hanging themselves. An officer of the Florida Highway Patrol with 22 years experience testified that upon arrest by the Highway Patrol, individuals charged with driving while intoxicated are relieved of their belts and any other items of clothing which can be used to injure themselves after being booked at a correctional facility. The Chief Deputy Sheriff at the Santa Rosa County Jail testified that there was no policy of the Santa Rosa County Sheriff's Department to take belts from prisoners when they were booked, except in cases of prisoners who exhibit a suicidal tendency. There are no facts in the record to indicate that the deceased had suicidal tendencies and no facts to indicate that the booking officer at the jail should have been suspicious of suicidal tendencies of the deceased.
The trial court considered the primary issue before it to be whether the negligence, if any, of the Sheriff's Office was the proximate cause of the deceased's death. The court found that the act of the deceased in taking his own life was an independent, intervening cause of his death for which the Sheriff's Office is not liable. Relying on Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), the court declared that the question of proximate cause in a negligence action is one for the court where there is an active and efficient intervening cause. The trial court thereupon entered summary judgment in favor of appellees.
Under the circumstances of this case, the deceased's suicide was not sufficiently foreseeable to impose upon the Sheriff's employees the duty to remove the deceased's belt. He had never threatened or attempted suicide in the past, had demonstrated no overt suicidal tendencies, and was expected to bond out the next morning. Under these facts, although the deceased's act of hanging himself was a possible consequence of the failure to remove his belt, it was not a probable consequence and was not foreseeable.
Under established case law in Florida, a defendant is not liable for injuries resulting to a plaintiff when there is an independent intervening cause, unless that independent intervening cause is a foreseeable and probable consequence of the wrongful actions of the defendant. Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969), and Cone v. Inter-County Telephone *272 & Telegraph Company, 40 So.2d 148, 149 (Fla. 1949). As stated in Cone:
... Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person who himself is without contributing fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages ... Conversely, when the loss is not a direct result of the negligent act complained of ... but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed ... "Possible" consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. [Citations omitted.]
On the basis of the facts of this case and above-cited authorities, we affirm.
MILLS, C.J., and THOMPSON, J., concur.