421 So.2d 1090 (1982)
Percy Lee SPANN, Appellant,
v.
STATE of Florida, DEPARTMENT OF CORRECTIONS and Glades Correctional Institute, Appellees.
No. 81-954.
District Court of Appeal of Florida, Fourth District.
October 6, 1982.
Rehearing Denied December 8, 1982.
*1091 Raymond G. Ingalsbe and David Wiitala of Ingalsbe, McManus & Wiitala, P.A., North Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Joe Belitzky, Asst. Atty. Gen., Tallahassee, for appellees.
HERSEY, Judge.
Percy Lee Spann, while an inmate at the Glades Correctional Institute, suffered burns when another inmate covered him with flammable liquid and ignited it. Spann filed suit against appellees based upon negligent failure to control the offending inmate. After a jury trial, the trial court directed a verdict for appellees. Spann appeals on the theory that the trial court utilized an improper test, more stringent than reasonable care, in concluding that as a matter of law no liability existed. We affirm.
The incident occurred shortly after 7:00 a.m. on the morning of July 8, 1976. At that time of day inmates are permitted to go to breakfast and to visit dormitories other than the one to which they may be assigned. A guard sits at the entrance to each dormitory in a structure somewhat like an iron cage. It was necessary for the inmate carrying a can of flammable liquid to pass within two or three feet of the guard, who was apparently inattentive at the time of the incident. The issue is whether the inattention of the guard is related to the ultimate injury in such a manner as to permit liability to attach.
A summary of the general law applicable in situations involving injury to an inmate is contained in 41 A.L.R.3d 1021 (1972) at 1025:
The prison environment has been a fertile ground for assaults, as it normally consists of confinement in close quarters and under unpleasant conditions of large numbers of persons, many of whom are predisposed to violence and frequently, to grudges, racial hatred, and homosexual jealousy. To these factors may be added the frequent impossibility of maintaining the desirable degree of isolation of the prisoners from each other, and the extreme difficulty of preventing them from fashioning weapons out of articles at hand, in which respect prisoners have demonstrated considerable ingenuity.
... A few principles have been universally applied or recognized as applicable in cases by injured prisoners against prison authorities or the like for injuries inflicted on them incident to assaults by fellow prisoners. Thus, many of the cases... recognize or imply, and none deny, that in the absence of a statute to the contrary, the duty of care owed by prison officials and governmental units to prisoners in their charge is the duty of reasonable care. Similarly, many of the cases recognize expressly or impliedly, and none deny, that there is no liability on the part of a prison official or governmental unit in the absence of knowledge of the danger of an assault, or at least of reason to anticipate such danger.
In the case relied upon by the trial court, Parker v. State, 282 So.2d 483, 486 (La. 1973), cert. den., 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973), the court addressed the problem as follows:
The applicable rule has been frequently stated. A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm... .
... Scores of reports of this kind are received weekly in the prison environment. For liability, the law requires at least adequate reason to anticipate harm *1092 and failure to take reasonable action to avert it.
Thus, "[a] jailer must exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, but he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate." 60 Am.Jur.2d, Penal & Correctional Institutions, Section 23.
The final judgment specifies the basis for the directed verdict:
At the close of plaintiff's case in chief the defendants motioned the court for a directed verdict relying on Parker v. State, 261 So.2d 364 (La. App. 1972), affirmed, 282 So.2d 483 (La. 1973), and its progeny. The court is unaware of any similar Florida cases that interpret the duty of reasonable care in a prison setting. The court therefore declines the test for ordinary negligence as reflected in Florida Standard Jury Instruction 4.1, and instead adopts the holding in Parker v. State, supra, which requires the plaintiff to prove that the prison authorities must have known or had reason to anticipate that a harm would ensue and failed to use reasonable care in preventing that harm. The court is of the opinion that plaintiff's case was deficient only in that he failed to prove the defendants had reason to anticipate the conduct on the part of the assailant which resulted in the injuries complained of, i.e., there was no substantial competent evidence that any defendant knew or had reason to anticipate this particular course of conduct by this particular inmate.
Thus the trial court declined the test reflected in Florida Standard Jury Instruction 4.1 which provides:
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
Contrary to the trial court's analysis, all of the authorities and the instruction consistently hold that the standard of care which is to be applied in these cases is reasonable care.
In most cases, as here, injuries sustained by an inmate as the result of an assault upon him by another inmate are indirect rather than direct results of any negligence by the custodian. The actual injuries (damages) are a direct result of an active and efficient cause which has intervened between the custodian's negligence and the intentionally inflicted injury. In order to find that the custodian's negligence was a proximate cause of the injury it must be shown that the injury was a reasonably foreseeable consequence of that negligence.
We addressed this issue in Overby v. Wille, 411 So.2d 1331 (Fla. 4th DCA 1982). There we said:
It is conceded that where injury results from an active and efficient cause which intervenes between the negligent act of the tortfeasor and the injury, liability may well be a legal issue for determination by the court. Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974). Appellees expect too much of that principle here, however, in as much as the question of whether the intervening cause was foreseeable is ordinarily one for the trier of fact. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980). Only a total absence of evidence to support an inference that the intervening cause was foreseeable justifies the court in removing the question from the trier of fact. See Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980). The Guice case also arose out of a jail suicide but in that case there was no evidence of mental or emotional aberration. The Guice court laid down yet another principle which has application here. The court stated that as to a loss or injury which is not a direct result of the negligent act, recovery will not be allowed if the injury was only "possible" as opposed to "probable." The opinion continues by defining the former term as: *1093 "those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act." 389 So.2d at 272, quoting from Cone v. Inter-County Telephone & Telegraph Co., 40 So.2d 148, 149 (Fla. 1949). Id. at 1332.
Two aspects of the Overby rationale have particular application here. When a guard is negligent it is possible but not probable that one inmate will set another on fire or otherwise intentionally injure him. On the other hand if the custodial authority is on notice that one inmate "has it in for" another inmate then such a possibility becomes less remote and approaches probability. The Parker analysis of the Louisiana courts recognizes this metamorphosis as do the other authorities although it is not always articulated as a function of proximate cause and foreseeability. The second aspect of Overby with direct application here is the observation that the question of foreseeability will be taken from the jury where there is a total absence of evidence to support an inference that the intervening cause was foreseeable.
If appellant had been able to introduce evidence that a flammable liquid was made available to inmates by the custodial authorities (as opposed to a showing that an inmate somehow came into possession of a quantity of flammable liquid) that would have been sufficient to avoid the directed verdict. Thus, in Shields v. State, 380 So.2d 123 (La. App. 1979), cert. den., 382 So.2d 164 (La. 1980), the court pointed out that the mere possession of acid by an inmate was not sufficient to establish a prima facie case where no proof was offered of the method by which the acid was obtained. Or if he had been able to show that those authorities knew or should have known of a very recent altercation involving appellant and the inmate who injured him, this again would have raised the question of foreseeability necessitating a jury. There was no such evidence.
Under the circumstances present here there was no evidence to support an inference that inattention by a guard would "probably" indirectly result in injury to appellant. The trial court therefore correctly directed a verdict for appellees and we affirm the Final Judgment entered thereon.
LETTS, C.J., and DELL, J., concur.