ZEHMER, Judge.
Stephen P. Miller, plaintiff below, appeals a final judgment entered for defendant, State of Florida, Department of Health & Rehabilitative Services (HRS), in this personal injury case. While a mental patient confined in the Florida State Hospital in Chattahoochee, Miller was attacked and injured by Eddie Hicks, another mental patient. The lower court granted summary judgment on two grounds: (1) HRS is entitled to sovereign immunity under section 768.28, Florida Statutes (1977), and Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); and (2) Eddie Hicks’ attack on Miller was not a foreseeable occurrence and, thus, constituted an independent intervening cause that defeated any liability on the part of HRS, citing Spann v. State, Dept. of Corrections, 421 So.2d 1090 (Fla. 4th DCA 1982), and Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980). We reverse.
Miller’s complaint, filed June 12, 1980, alleged that HRS had negligently failed to adequately supervise Eddie Hicks and “failed to utilize reasonable care and precautions to prevent injury to plaintiff by failing to protect plaintiff from an inmate with a history of violence against individuals and known violent tendencies so as to prevent the sudden outburst by Hicks and consequent injury to plaintiff.” On September 1, 1981, the state moved for summary judgment on grounds that the assault was unforeseeable, constituted a separate intervening act of negligence for which HRS was not liable, and that the state was protected by sovereign immunity under section 768.28, Florida Statutes (1977). On December 29, 1981, the circuit court denied the state’s motion for summary judgment “based upon the existence of disputed material facts” (R. 212). The state petitioned for a writ of certiorari to review and overturn that ruling, contending the trial court had erred, inter alia, by denying the motion for summary judgment on the basis of sovereign immunity. This court denied the requested relief, holding:
This court has entertained petitions for writs of certiorari to review interlocutory orders determining issues of sovereign immunity. However, in the instant case, it appears that there may be factual matters which remain to be developed at trial bearing on the issue of sovereign immunity [citing Bellavance v. State, 390 So.2d 422 (Fla. 1st DCA 1980), pet. for review denied, 399 So.2d 1145 (Fla.1981)]. We, therefore, decline to issue the writ, without prejudice to petitioner’s right to raise the issue of sovereign immunity on appeal from final judgment.
Dept. of Health & Rehabilitative Services v. Miller, 413 So.2d 96 (Fla. 1st DCA 1982).
In July 1983 HRS again filed a motion for summary judgment, this time on the sole ground that Miller's injury was not a direct result of the alleged negligence because the attack constituted an independent intervening cause which was not fore *1230 seeable. The motion did not raise any ground based on the defense of sovereign immunity. This appeal is from the circuit court’s order granting that motion.
The appealed ruling on the issue of sovereign immunity is patently inconsistent with our decision on the first appeal of this case holding that disputed issues of fact on the sovereign immunity defense must be tried. Dept. of Health & Rehabilitative Services v. Miller, 413 So.2d 96. Our prior decision established the law of the case on this issue, and we should not revisit the issue absent extraordinary circumstances satisfying recognized exceptions to the general rule. In Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965), the Supreme Court set down the applicable principles in the following language:
We think it should be made clear, however, that an appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to ‘the law of the case’ at retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasons — and always, of course, only where ‘manifest injustice’ will result from a strict and rigid adherence to the rule.... Another clear example of a case in which an exception to the general rule should be made results from an intervening decision by a higher court contrary to the decision reached on the former appeal, the correction of the error making unnecessary an appeal to the higher court.... But the exception to the rule should never be allowed when it would amount to nothing more than a second appeal on a question determined on the first appeal.
177 So.2d at 4.
Appellee did not urge sovereign immunity as a ground of its second motion for summary judgment in the trial court and has not demonstrated on this appeal any basis for applying an exception to the general rule that the law of the case is binding on the trial court. Accordingly, the trial court erred in entering summary judgment on this ground.
Since one of the recognized exceptions to the general rule is an intervening decision by a higher court contrary to the decision reached on the former appeal, we believe it is in the interest of judicial economy that we briefly consider the recent flurry of decisions by our supreme court on sovereign immunity.[1] In Trianon Park Condominium Assn. v. City of Hialeah, 468 So.2d 912 (Fla.1985), the Supreme Court identified four categories of governmental functions for purposes of analyzing the applicability of the sovereign immunity statute:
To better clarify the concept of governmental tort liability, it is appropriate to place governmental functions and activities into the following four categories: (I) Legislative, permitting, licensing, and executive officer functions; (II) Enforcement of laws and the protection of the public safety; (III) Capital improvements and property control operations; and (IV) Providing professional, educational, and general services for the health and welfare of the citizens.
468 So.2d at 919. Included in category IV are service activities such as medical services, respecting which the court stated:
Whether there are sufficient doctors provided to a state medical facility may be a discretionary judgmental decision for which the governmental entity would not be subject to tort liability. Malpractice in the rendering of specific medical services, however, would clearly breach existing common law duties and would render the governmental entity liable in tort. A discussion of immunity for the government and its employees is contained in *1231 our recent decision in Rupp v. Bryant, 417 So.2d 658 (Fla.1982) (supervision of public 'school students held not to be a discretionary function).
468 So.2d at 921. The court determined that no governmental tort liability exists for the discretionary governmental functions described in categories I and II, but that there may be substantial governmental liability for activities falling in categories III and IV. As to the latter two categories, the court held that the facts and circumstances should be analyzed under the test in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, specifically emphasizing that the holding in Trianon “does not have the broad ramification characterized by the dissents, nor does it recede from Commercial Carrier.” 468 So.2d at 923.
Our prior appeal was decided on the authority of Bellavance v. State, 390 So.2d 422 (Fla. 1st DCA 1980), pet. for review denied, 399 So.2d 1145 (Fla.1981), which in turn was decided on the test in Commercial Carrier. We must take the majority opinion in Trianon at its word and measure the scope of duty and sovereign immunity in this case by the Commercial Carrier test. Since this was properly done on the prior appeal, nothing stated in Trianon and the other related decisions cited supra, note 1, affects the validity of our prior decision in this case. We decline, therefore, to revisit our prior decision and allow appellee a second appeal on this issue.
We likewise hold that the lower court erred in determining as a matter of law that Hicks’ attack on Miller was not a foreseeable event and constituted an independent intervening act. The record before us contains the examining physician’s report, which indicates that Hicks had a history of paranoid schizophrenia, had a tendency toward violent, uncontrolled behavior which constituted a danger to others, and that the prognosis for any significant remission in the near future was speculative. Hicks had a history of attacks on others while confined as a patient at Florida State Hospital. Whether it was foreseeable that Hicks would persist in his aggressive conduct and attack others after his transfer from a place of close supervision to a place of limited supervision by the hospital authorities presents a question of fact, not law, for decision by the trier of fact based upon all the evidence. Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla.1980); Bellavance v. State, 390 So.2d 422.
Spann v. State, Dept. of Corrections, 421 So.2d 1090, and Guice v. Enfinger, 389 So.2d 270, cited by the court below, are materially distinguishable in several respects. For example, in both cases no prior episodes of similar conduct were present, unlike the present case. Both these cases, properly construed in the context of their respective facts, support our holding in this case.
The judgment of the trial court is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
MILLS and ERVIN, JJ., concur.

. Trianon Park Condominium Assn. v. City of Hialeah, 468 So.2d 912 (Fla.1985); Everton v. Willard, 468 So.2d 936 (Fla.1985); Carter v. City of Stuart, 468 So.2d 955 (Fla.1985); Reddish v. Smith, 468 So.2d 929 (Fla.1985); City of Daytona Beach v. Palmer, 469 So.2d 121 (Fla.1985).