498 So.2d 441 (1986)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Stella YAMUNI, As Adoptive Mother, Next Friend and Guardian of Sean Yamuni, a Minor, Appellee.
No. 85-730.
District Court of Appeal of Florida, Third District.
July 8, 1986.
Certification Granted October 21, 1986.
*442 Walton, Lantaff, Schroeder & Carson and George W. Chesrow and Joan S. Buckley and Denise Stewart, Miami, for appellant.
George, Hartz & Lundeen, Daniels & Hicks and Ralph O. Anderson, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
The only point raised by this appeal that merits consideration is whether the trial court erred in denying the motion made by the Department of Health and Rehabilitative Services (HRS) for a directed verdict at the close of Stella Yamuni's (Yamuni) case-in-chief. We find it did not and affirm.
This action was instituted by Sean Yamuni's (Sean) adoptive mother, next of friend and guardian, Yamuni. HRS was sued for its alleged negligence in: a) the investigation of the reported abuse of Sean, and b) failing to seek a protective custody petition for Sean. It was alleged that this negligence resulted in Sean's further abuse, leading to his sustaining a broken arm which ultimately required amputation.
The jury returned a verdict for Yamuni in the amount of $3,100,000.00, which was reduced, pursuant to section 768.28, Florida Statutes (1979), to $50,000.00, and judgment was entered.
A review of the facts is unnecessary. Suffice it to say that the jury found that the HRS's caseworkers were negligent and that the verdict is supported by competent evidence.
HRS contends that the trial court erred in denying its motion for directed verdict because, as an agency of the sovereign, it is immune from liability.[1]
In a sovereign immunity case, the first step is to determine if there is a statutory or common law duty owed by the governmental entity to individual citizens with respect to the alleged negligent conduct. Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912, 917 (Fla. 1985).
Yamuni contends that HRS owed Sean a statutory duty. We agree. In Trianon, our supreme court held that a statute enacted for the protection of the general public does not give rise to a duty to individual citizens. 468 So.2d at 921-23. However, the court did not reach the question of whether a statute which is intended to protect individuals, or a class of individuals, gives rise to a duty. We find that where, as here, the express intention of the legislature is to protect a class of individuals from a particularized harm, the governmental entity entrusted with the protection owes a duty to individuals within the class. See Newsome v. Department of Corrections, 435 So.2d 887 (Fla. 1st DCA 1983) (section 945.11, Florida Statutes (1979), imposes *443 upon the Department of Corrections a duty to supervise inmates even while "on loan" to another agency), review denied, 459 So.2d 314 (Fla. 1984). The intent of the legislature in enacting section 827.07, Florida Statutes (1979), was "to provide for comprehensive protective services for abused or neglected children found in the state." § 827.07(1). This statute singles out a class of people for protection from a particularized harm. Since Sean was a member of the class protected by section 827.07, HRS owed a statutory duty to protect him from abuse and neglect.
In Trianon, the court held that a common law duty may be imposed upon a governmental entity for the way in which professional and general services are performed. 468 So.2d at 921. The services performed by HRS for abused children can only be characterized as professional, educational and general services for the health and welfare of the citizens, a category which may subject a governmental entity to liability, see Trianon at 921; Miller v. Department of Health and Rehabilitative Services, 474 So.2d 1228 (Fla. 1st DCA 1985) (HRS has underlying common law duty to mental patients, as HRS's activity is within a category which may subject HRS to liability). Thus, HRS owed a common law duty to Sean.
Having found an underlying duty owed to Sean by HRS, we next consider whether the alleged negligent conduct was discretionary, and thus excepted by implication from the waiver of sovereign immunity in section 768.28, Florida Statutes (1979). Trianon, 468 So.2d at 918; Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
The four-question test espoused in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440, 445 (1965), was adopted by our supreme court in Commercial Carrier as an aid in determining whether the alleged negligent conduct is operational or discretionary. If all of the following questions can be answered unequivocally in the affirmative, then the conduct is discretionary, but if one or more calls for a negative response then the governmental entity may be subject to liability:
(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?
Commercial Carrier, 371 So.2d at 1019.
It is conceded by HRS that the acts, omissions or decisions of its caseworkers involve basic governmental policy, program or objectives. It is also clear that HRS has the authority (and, as concluded above, the duty) to carry out the objectives of the program through the legislature's delegation of power. Therefore, questions one and four may be answered affirmatively.
Questions two and three present more difficult problems. It is hard to imagine how the decisions of HRS's caseworkers in carrying out an investigation, though affecting individual cases, could change the course or direction of the protective services program provided by HRS. See Commercial Carrier, 371 So.2d at 1019. These decisions implement the policy decisions and objectives which have already been made by the legislature and HRS, see Bellavance v. State, 390 So.2d 422 (Fla. 1st DCA 1980) (decision to release mental patient does not affect policy of Baker Act and is therefore operational), review denied, 399 So.2d 1145 (Fla. 1981); Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980) (implementation of the school board's policy to safely transport children is operational). Additionally, though a caseworker's decisions obviously *444 call for some discretion, a caseworker need not reflect upon basic policy in deciding whether to make a personal visit rather than a telephone call, nor does a caseworker require policy expertise to determine if a child abuse report is unfounded. See Emig v. Department of Health and Rehabilitative Services, 456 So.2d 1204 (Fla. 1st DCA 1984) (decision of HRS employee not to notify authorities of an escape by a juvenile from a detention center did not involve basic policy, judgment and expertise and therefore did not require judicial branch to sit in judgment of executive branch on a basic policy consideration); Bellavance, 390 So.2d 422 (decision to release inmate of mental institution did not require basic policy, judgment and expertise); see generally Note, Rebuilding the Wall of Sovereign Immunity: Municipal Liability for Negligent Building Inspection, 37 U.Fla.L.Rev. 343, 357-59 (1985). Therefore, questions two and three must be answered in the negative, and the alleged negligent conduct can only be characterized as operational.
Having found HRS's duty to investigate involved operational acts, it was incumbent upon HRS to investigate in a competent manner or face the consequences for its negligence. Therefore, the trial court correctly denied HRS's motion for directed verdict. Accordingly, the judgment of the trial court is
Affirmed.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
The State of Florida, Department of Health and Rehabilitative Services' (HRS) motion for certification is granted and we certify the following question to the Supreme Court of Florida, deeming it to be of great public importance:
Has the State of Florida, pursuant to section 768.28, Florida Statutes (1983), waived sovereign immunity for liability arising out of the negligent conduct of an HRS case worker?
HRS' motion is otherwise denied.
NOTES
[1] The issue having been raised for the first time on appeal, we are precluded from reviewing the issue of whether section 827.07(7), Florida Statutes (1979), grants specific immunity to HRS.