522 So.2d 96 (1988)
Andrea BRADFORD, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 86-1417.
District Court of Appeal of Florida, Third District.
March 22, 1988.
Horton, Perse & Ginsberg and Edward Perse, Alldredge and Gray, Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and James J. Allen, Asst. Co. Atty., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
Andrea Bradford appeals from a judgment on the pleadings which terminated her negligence action in favor of Metropolitan Dade County on the basis of sovereign immunity. The complaint alleged that Bradford was the victim of an attack by a mentally disturbed woman who on a number of occasions had been acquitted of charges of criminal assault. Prior to the incident in this case, the woman had been prosecuted on an aggravated felonious assault and battery charge for which she was found not guilty by reason of insanity. As a result of that case, the trial court had placed her in the residential custody of a *97 boarding home where she was to receive medication to control her condition. That court also directed the county-operated Mental Health Administrator's Program (MHAP) to monitor the woman and report her progress to the court. Approximately seven and one-half months before the attack on Bradford, the woman disappeared from the home. A capias was issued following her departure, but it was not served on the woman until after her attack on Bradford. Bradford filed suit against the county alleging negligence on the part of the public safety department for failure to execute on the arrest warrant and investigate the woman's whereabouts and on the part of the MHAP for failure to insure that the woman received her medication and psychiatric treatment. The trial court entered judgment in favor of the county.
The police owe a general duty to protect the public as a whole; any duty owed by MHAP would be for the benefit of the mentally disturbed persons the agency is assigned to monitor. Accordingly, we affirm the judgment on the ground that the complaint failed to allege any common law duty owed by either the law enforcement officials or the court-appointed mental health agency to provide protection to an individual. See Everton v. Willard, 468 So.2d 936 (Fla. 1985); Reddish v. Smith, 468 So.2d 929 (Fla. 1985); Trianon Park Condominium Assoc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985); see also Carter v. City of Stuart, 468 So.2d 955 (Fla. 1985) (city immune from liability where dog, confined on private property, escaped and injured child); Zock v. Miller, 505 So.2d 18 (Fla. 3d DCA 1987) (court-appointed psychiatrist enjoys quasi-judicial immunity from liability); Ursin v. Law Enforcement Ins. Co., 450 So.2d 1282 (Fla. 2d DCA 1984) (sheriff is immune from liability where prisoner escapes and injures individual), affirmed, 469 So.2d 1382 (Fla. 1985); Berry v. State, 400 So.2d 80 (Fla. 4th DCA) (decision to grant or withhold parole is a discretionary function), review denied, 411 So.2d 380 (Fla. 1981); Cawthon v. Coffer, 264 So.2d 873 (Fla. 2d DCA 1972) (immunity from liability exists for actions arising out of judicial proceedings). Cf. State, Dept. of Health & Rehabilitative Servs. v. Yamuni, 498 So.2d 441 (Fla. 3d DCA 1986) (statutory duty owed by HRS to provide protective services for abused or neglected children).
Affirmed.