533 So.2d 867 (1988)
Thomas DUNAGAN, Appellant,
v.
Vince SEELY, Sheriff of Escambia County, Florida, Appellee.
No. 88-602.
District Court of Appeal of Florida, First District.
October 28, 1988.
Rehearing Denied December 12, 1988.
*868 Robert M. Loehr, of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
Julius F. Parker, Jr., of Parker, Skelding, McVoy & Labasky, Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals an order granting appellee's motion for summary judgment and dismissing with prejudice appellant's action against appellee. We reverse.
Appellant brought this suit against appellee, the Sheriff of Escambia County, alleging that appellee's negligence, through his agents, resulted in personal injury to appellant. According to the complaint, appellant was a detainee under appellee's control in county jail when he was savagely attacked by another detainee, who strangled appellant into unconsciousness and then drove ball point pens through his eyes resulting in serious brain damage. The complaint alleged: Appellee knew that the attacker had dangerous propensities for crimes of extreme violence, including another aggravated battery in the jail immediately prior to the attack on appellant; the jail policies and procedures which had been designed to prevent acts of violence among prisoners, and which included specific procedures governing the opening and closing of individual cell doors, had not been followed on the day in question, due to the negligence of appellee, through his agents; appellee, through his agents, had breached his duty to appellant; and those transgressions resulted in serious injury to appellant.
Relying upon Davis v. State, Department of Corrections, 460 So.2d 452 (Fla. 1st DCA 1984), the trial judge granted appellee's motion for summary judgment and dismissed appellant's action with prejudice. His reliance upon Davis was an obvious determination that the doctrine of sovereign immunity bars this action on the ground that the supervision of the inmates, or the lack thereof, on the date in question was a discretionary decision for which sovereign immunity has not been waived under section 768.28, Florida Statutes. We reject that conclusion.
The doctrine of sovereign immunity does not bar appellant's action at this stage for several reasons. Unlike the situation in Davis, appellant's complaint does not hinge upon allegations of negligence at the planning level, such as in the classification of prisoners or in the policies adopted for their supervision. Here, one allegation is the negligent failure of appellee's agents to follow the planning-level decision to maintain locked cell doors except for five minutes every half hour. That allegedly negligent activity must be classified as an operational-level activity, to which sovereign immunity does not attach. See State, Department of Health and Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla. 1988), in which the court considered the establishment in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), of a sovereign immunity waiver exception for "policy making, planning or judgmental government functions." The court allowed Yamuni to recover damages against HRS for negligence in failing to place Yamuni, an infant, under protective supervision after investigating allegations of physical abuse of the infant. There, the court determined that the case worker actions did not rise to the level of basic policy making decisions and thus did not qualify for immunity under the Commercial Carrier exception. Compare Durrance v. City of Jacksonville, 532 So.2d 696 (Fla. 1st DCA 1988), in which this Court reversed a final order dismissing with prejudice on sovereign immunity grounds the Durrances' amended complaint in an action alleging negligence on the part of the city in maintaining floors and hallways of the courthouse.
Further, when a governmental entity creates a known dangerous condition which is not readily apparent to persons who could be injured thereby, a duty at the operational level arises to warn the public of, or protect the public from, the known *869 danger. The failure to fulfill this operational-level duty is, therefore, a basis for an action against the governmental entity. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Department of Transportation v. Webb, 438 So.2d 780 (Fla. 1983).
Finally, an alleged failure to warn an individual who falls within the sovereign entity's duty of care constitutes, if proven, a breach of the common law duty of care. Breach of that duty is subject to the section 768.28 waiver of sovereign immunity. See Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla. 1985).
Considering the above authorities and the evolution of the sovereign immunity exceptions through Commercial Carrier, Trianon, Reddish v. Smith, 468 So.2d 929 (Fla. 1985), and now Yamuni, we conclude that, while the making of the policies and procedures for classifying, supervising and maintaining inmates is a discretionary function to which sovereign immunity does attach, the allegation of injury due to the failure to follow those policies is actionable because that failure was an operational function and is not protected by the sovereign immunity doctrine.
We also reject appellee's argument that sovereign immunity attaches because of the provision in section 768.28(5) that the state and its agencies and subdivisions shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." Appellee contends that since private individuals do not engage in the supervision of inmates, sovereign immunity cannot be considered waived in that regard. That argument has been rejected in Commercial Carrier, Yamuni, and Durrance. In Yamuni, the court specifically receded from any contrary suggestion in Reddish.
We further agree with appellant that the question of foreseeability in this case is clearly one to be presented to the jury. The allegations of the complaint are that appellant was under the supervision of appellee, as was his attacker; his attacker had at least some known propensities for violence; appellee had policies and procedures to be followed to protect the very class of persons into which appellant falls from the very class of persons into which his attacker fell. Therefore, since a jury question exists as to whether the attack on appellant was foreseeable, for that reason also, granting the motion for summary judgment was error.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.