536 So.2d 1098 (1988)
Nelle A. McCall and W.C. McCall, Her Husband, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 87-1914.
District Court of Appeal of Florida, First District.
November 23, 1988.
*1099 Thomas L. Powell of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellants.
Randal L. Schecter of Callahan, Schecter & Barth, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellants seek review of a final summary judgment entered in their negligence action against appellee, the Department of Health and Rehabilitative Services. They contend that the court erred in granting the Department's motion for summary judgment on grounds that the Department was protected by sovereign immunity and the attack on appellant Nelle McCall was not a reasonably foreseeable occurrence. We find that appellants' allegations that appellee failed to supervise Nelle McCall and the patient who attacked her and failed to warn appellants of a known dangerous condition did not necessarily implicate policy making, planning or judgmental governing functions to which sovereign immunity attaches, and that the sovereign immunity issue should have been permitted to go to the jury. We also find that the trial court erred in determining as a matter of law that the attack on appellant Nelle McCall was an independent intervening act not reasonably foreseeable by appellee, in view of evidence that the attacking patient had a history of assaultive behavior known to appellee. We therefore reverse.
Appellants filed suit against the Department, alleging that while Nelle McCall was in the care, custody and control of Florida State Hospital, she was injured by another patient who pushed her down and fractured her hip. Appellants alleged that the hospital was negligent in failing to properly supervise Nelle McCall and the patient who pushed her, Ann Linsky. Appellants sought damages for Nelle McCall's injuries and for W.C. McCall's loss of consortium. In a fourth amended complaint, appellants alleged that the Department was negligent in failing to supervise Ann Linsky and Nelle McCall, and in failing to warn appellants that Nelle McCall would be exposed to a dangerous condition about which the hospital knew.
The Department filed a motion for summary judgment, relying upon Chapters 394 and 768, Florida Statutes, and Chapter 10E, Florida Administrative Code. Appellants submitted the deposition testimony of a psychologist and former Florida State Hospital employee, Robert Berland, who stated that hospital records showed that Ann Linsky had an extensive history of prior assaultive behavior on patients and hospital *1100 employees. The trial court entered an order granting the motion for summary judgment, finding entitlement to sovereign immunity because appellants' alleged acts of negligence were found to be discretionary governmental acts, and that, as the record was silent as to any evidence demonstrating prior violent behavior between Ann Linsky and Nelle McCall, there was no showing that appellee could have foreseen the acts of Ann Linsky, and Linsky's acts, therefore, were an independent efficient intervening cause.
Under section 768.28, Florida Statutes, the "state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances." In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), the court recognized the broad scope of the legislative waiver of sovereign immunity in section 768.28, but carved out an exception to that waiver for policy making, planning or judgmental governing functions, as opposed to operational level functions. The court held that functions subject to immunity must be identified on a case-by-case basis, and, quoting from Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440, 445 (1965), set forth the following test:
1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program or objective?
2) Is the questioned act, omission or decision essential to the realization or accomplishment of that policy, program or objective as opposed to one which would not change the course or direction of the policy, program, or objective?
3) Does the act, omission or decision require the exercise of basic policy evaluation, judgment and expertise on the part of the governmental agency involved?
4) Does the governmental agency involved possess constitutional, statutory or lawful authority and duty to do or make the challenged act, omission or decision?
371 So.2d at 1019.
In Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912, 919 (Fla. 1985), the Florida Supreme Court added the principle that "[i]n order to subject the government to tort liabiity for operational phase activities, there must first be either an underlying common law or statutory duty of care in the absence of sovereign immunity."
The trial court characterized appellants' allegations as involving "an attempt ... to impose liability ... for the placement of the plaintiff in a certain unit." Appellants' fourth amended complaint alleged that appellee created a dangerous condition by placing Linsky and Nelle McCall together on the same ward, but appellants asserted that appellee was negligent in failing to warn them that Mrs. McCall would be exposed to the known dangerous condition, not that appellee was negligent in placing the patients together in the same unit. Appellants therefore did not challenge the placement of Mrs. McCall. Courts have held that "when a governmental entity creates a known dangerous condition which is not readily apparent to persons who could be injured thereby, a duty at the operational level arises to warn the public of, or protect the public from, the known danger." Dunagan v. Seely, 533 So.2d 867, 868, (Fla. 1st DCA 1988), citing City of St. Petersburg v. Collum, 419 So.2d 1082 (Fla. 1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Department of Transportation v. Webb, 438 So.2d 780 (Fla. 1983). The failure to warn an individual who falls within the sovereign entity's duty of care constitutes a breach of the common law duty of care, and that breach is subject to the wavier of sovereign immunity under section 768.28. See Trianon Park Condominium, supra. In support of its motion for summary judgment, appellee asserted that sovereign immunity attached because the hospital had complied with the legislative directive to use the least restrictive means of intervention in caring for patients, in accordance with section 394.453, Florida Statutes, and that its decisions with respect to staffing, classification and segregation are purely discretionary. *1101 Again, we do not find that appellants' allegations of negligence implicated those functions. In Department of Health & Rehabilitative Services v. Miller, 413 So.2d 96 (Fla. 1st DCA 1982), this court ruled, under circumstances analogous to those here, that summary judgment on the issue of sovereign immunity was improper as factual matters remained to be developed at trial bearing on that issue. In this case, we similarly find that factual matters remain unresolved as to the application of the Commercial Carrier test to the allegations that appellee failed to supervise the two patients, and failed to warn appellants of a known dangerous condition.
We also find the court erred in ruling, on grounds that the record is silent as to evidence of prior violent behavior between Nelle McCall and Ann Linsky, that the attack on Nelle McCall was an independent intervening act, and, therefore, not foreseeable by appellee. The deposition testimony of appellant's expert witness showed that Linsky had an extensive history of attacks on patients and hospital employees, some of which necessitated her seclusion from others, and that the hospital knew of those attacks. The foreseeability question should have entailed a determination of whether it was foreseeable by appellee, in view of its knowledge of Linsky's past attacks, that Linsky would attack in the future. See Miller v. State, Department of Health & Rehabilitative Services, 474 So.2d 1228 (Fla. 1st DCA 1985).
THE ORDER IS REVERSED.
ERVIN and WIGGINTON, JJ., concur.