ZEHMER, Chief Judge.
In August 1988, Charles Jackson, Jr., was an inmate in the Bradford County Jail and was seriously injured during an altercation between two other inmates, one of whom was Bobby Joe Kelly. According to the record, Kelly apparently became enraged when Jackson did not support his cause, pulled out a vodka bottle, broke it, and stabbed Jackson in the eye, causing the loss of the eye. Jackson thereafter sued the Bradford County Sheriff alleging the sheriff was negligent in failing to conduct a thorough and proper search of another inmate (not Kelly) who allegedly initially brought the bottle into the jail and later gave the bottle to Kelly.
During trial, at the close of Jackson’s casein-chief, the sheriff moved for a directed verdict arguing that the intentional act of Bobby Joe Kelly was an active and efficient intervening cause compelling a ruling as a matter of law that any negligence on behalf of the sheriff in failing to conduct a proper and thorough search of an inmate was not the proximate cause of Jackson’s injury because Jackson’s injury was not a reasonably foreseeable consequence of the sheriffs negligence. In support of his argument, the sheriff relied on the decisions in Spann v. State, Department of Corrections, 421 So.2d 1090 (Fla. 4th DCA 1982), and Davis v. State, Department of Corrections, 460 So.2d 452 (Fla. 1st DCA 1984). After hearing argument of counsel, the trial court granted the motion for directed verdict based solely on the decisions in Spann and Davis. The issue on appeal challenges that ruling. After careful consideration of the cited authorities, we *1046 hold that to the extent Spann and Davis maybe read to mitigate in favor of granting the motion for directed verdict under the instant circumstances, those decisions are inconsistent with the supreme court’s recent opinion in McCain v. Florida Power Corporation, 593 So.2d 500 (Fla.1992). We therefore reverse.
In granting the motion for directed verdict, the trial court acknowledged that there was “an ample amount of testimony for a trier of fact to consider,” and that the court would normally not take the case away from the jury. The trial court also noted evidence establishing efforts made by the county jail authorities to institute a program intended to keep contraband out of the jail. Nonetheless, the court opined that the decisions in Davis and Spann imposed upon Jackson the extraordinary burden of proving an “exceptional element” to establish foreseeability: either that the contraband was brought into the jail through governmental agents, or that the jail authorities knew or should have known of a very recent altercation involving Jackson and Kelly. Since there was no direct testimony establishing precisely how the bottle passed undetected into the jail, or that there had been knowledge of a prior altercation between Jackson and Kelly, the trial court concluded that Jackson had failed to carry his burden, and that, as a matter of law, had failed to prove the sheriffs alleged negligence in allowing the contraband into the jail was the proximate cause of Jackson’s injury.
Preliminary to resolving the issue before us, we hold that Davis is wholly inapposite to the instant facts. In Davis, we affirmed the trial court’s entering a summary judgment in favor of the Department of Corrections on the basis that the classification and placement of inmates within the prison system, and the number and placement of supervisory personnel, constituted discretionary decisions on the part of the department. Thus, for reasons of sovereign immunity, the allegations in the complaint in Davis could be resolved as a matter of law and for that reason the issue of foreseeability was held to be moot.
On the other hand, Spann did directly involve the question of proximate causation. In Spann, the issue was whether the injury sustained by the prison inmate was a foreseeable result of the inattention of the prison guard. In affirming the trial court’s entry of a directed verdict for the defendants, the Fourth District Court of Appeal seemed to be ruling that in order to establish a prima facie case of negligence in the prison context, the inmate must adduce evidence showing that prison authorities were on notice that one inmate “ ‘ha[d] it in for another inmate’ ” before an inference could permissibly be made that the intervening intentional act of an inmate causing injury was foreseeable and therefore actionable. 421 So.2d at 1093. To the extent that this analysis would support the entry of a directed verdict in the instant case, we hold that Spann is inconsistent with the holding in McCain v. Florida Power Corporation, 593 So.2d 500 (Fla.1992), and is not controlling.
In McCain, the supreme court admonished that a trial court is free to take the issue of foreseeability from the jury “only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference. Tatom v. Seaboard Air Line Ry. Co., 93 Fla. 1046, 113 So. 671 (1927).” 593 So.2d at 504. Thus, “where reasonable persons could differ as to whether the facts establish proximate causation — -i.e., whether the specific injury was genuinely foreseeable or merely an improbable freak'— then the resolution of the issue must be left to the fact-finder. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla.1977); Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911 (1938).” Id. (Emphasis in original.) In this context, the supreme court also noted that “it is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent. Restatement (Second) of Torts § 435 (1965). In such instances, the true extent of the liability would remain questions for the jury to decide.” Id. at 503. (Emphasis in original.)
The McCain analysis would not impose on Jackson the burden of establishing any exceptional element as alluded to by the trial *1047 court below in order to create a jury question of negligence. According to McCain, only in cases where the injury was caused by a “freakish and improbable chain of events,” id., does the trial court have the discretion to remove the issue from the jury. Otherwise, “if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question,” id., that harm is to be considered “proximate” in a legal sense.
Based on the facts presented in Jackson’s case-in-chief, we conclude that reasonable minds could differ about the conclusions drawn from the record. The Bradford County Jail’s promulgation of rules relating to searches of inmates when being admitted to the detention facility, was clearly intended to protect the safety of inmates and prison guards, and to prevent the type of assault that took place in the instant case. Based on the record before us, we cannot say as a matter of law that the injury was caused by a “freakish and improbable chain of events” that was “utterly unpredictable in light of common human experience.” Id. Experience teaches that safety precautions can fail and contraband allowed in the hands of prison inmates in a hostile prison environment can foreseeably lead to the injury of another inmate. In short, a jury may reasonably find that Jackson was of the class the rules were intended to protect, that his injury was the type the rules were designed to prevent, and that the violation of the rules was the proximate cause of his injury. Accordingly, we hold that the trial court erred in directing a verdict in favor of the sheriff at the close of Jackson’s case-in-chief. We therefore reverse and remand for further proceedings.
KAHN and VAN NORTWICK, JJ., concur.