696 So.2d 446 (1997)
John W. HARRIS, Appellant,
v.
Anthony MONDS and Kenneth Mitchell, Appellees.
No. 96-1382.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
John W. Harris, Defuniak Springs, pro se.
Karen M. Nissen of Vernis & Bowling of Palm Beach, P.A., Jupiter, for appellees.
PARIENTE, Judge.
This is an appeal from the dismissal of appellant's seventh amended complaint. In considering a motion to dismiss, we are obligated to accept all factual allegations in the complaint as true. See Laganella v. Boca Grove Golf & Tennis Club, Inc., 690 So.2d 705, 706 (Fla. 4th DCA 1997); Hollywood Lakes Section Civic Ass'n v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996). In accordance with this principle, we are compelled to reverse.
Appellant's cause of action arises out of injuries he claims he sustained while incarcerated. Because appellant was in custody at the time of his alleged injuries, he was owed a common law duty of reasonable care by the corrections officers charged with his supervision. See Department of Health & Rehabilitative Servs. v. Whaley, 574 So.2d 100, 103 (Fla.1991); Hutchinson v. Miller, 548 So.2d 883, 885 (Fla. 5th DCA 1989); Dunagan v. Seely, 533 So.2d 867 (Fla. 1st DCA 1988). This duty is an operational level function not protected by sovereign immunity. See Whaley, 574 So.2d at 103; Hutchinson, 548 So.2d at 886; Dunagan, 533 So.2d at 868.
In the cases relied on by appellees, either the plaintiffs were not incarcerated or no *447 special relationship existed giving rise to the common law duty of reasonable care. See, e.g., George v. Hitek Community Control Corp., 639 So.2d 661 (Fla. 4th DCA 1994). Because appellant was in custody at the time of the alleged injuries, these cases are inapposite.
Appellant alleges a breach of appellees' duty to protect him from assault by a fellow inmate. The gist of the factual allegations of appellant's seventh amended complaint is that appellees ignored his repeated pleas for protection, and that the assault in fact occurred in the presence of one of the appellees. Appellant further alleges that appellees had prior knowledge of or reason to anticipate the danger to appellant.
Appellant also alleges that appellees, by failing to take action to protect him from this known danger, acted in bad faith and with malicious purpose. Because appellees have been sued in their individual capacities, this additional allegation must be proved in order to exempt them from the protective cloak of sovereign immunity.[1]See § 768.28(9)(a), Fla. Stat. (1995).
If appellant is unable to establish facts sufficient to support a finding that appellees acted in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of his safety, appellees will be entitled to a judgment in their favor. At this stage of the proceedings, however, the allegations of appellant's seventh amended complaint state a cause of action. Accordingly, we reverse and remand with directions to reinstate the seventh amended complaint.
REVERSED
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] Our court has held that the duty to protect a prisoner from injuries caused by a third party arises only if there is knowledge of the danger or at least reason to anticipate such danger. See Spann v. State Dep't of Corrections, 421 So.2d 1090, 1091 (Fla. 4th DCA 1982), petition for review denied, 430 So.2d 452 (Fla.1983). Spann has been followed by the fifth district in Hinson v. Miller, 681 So.2d 1213 (Fla. 5th DCA 1996). Concerned that Spann imposed an "exceptional element" to establish foreseeability, the first district declined to follow Spann in Jackson v. Milner, 654 So.2d 1045 (Fla. 1st DCA), review denied, 662 So.2d 932 (Fla.1995). Spann and Jackson both involved suits against the governmental agency and not against the individual employees.