# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2146
_____

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Appellant,

    v.

STEVEN P. BEEBE, SEMIR JUSIC,
STEPHEN RYAN MOTE, JOSEPH
JIMMIE OHERN, and RACHEL
JESSICA MCKINNEY,

    Appellees.

_____


On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.


December 31, 2025

PER CURIAM.

The Florida Department of Corrections appeals a non-final order that denied its motion to dismiss. The trial court concluded that Steven Beebe had sufficiently pled his claims, and that the Department was not entitled to sovereign immunity. We disagree and reverse, finding that sovereign immunity applies because the Department's employees were acting outside the course and scope of their employment under the facts alleged by Beebe.

Beebe claims that after his mother called the correctional facility and advised them that Beebe was in fear for his life, correctional officers retaliated against him. Specifically, he alleges that Department staff placed him in a cell with another inmate with the purpose and intent that he be raped by the other inmate as punishment for having his mother call. Beebe was then raped by this inmate, and staff did not respond when he asked to be moved out of the cell.

Beebe sued the Department for negligence and negligent supervision of a known dangerous inmate. He also brought claims against several individual correctional officers for intentional infliction of emotional distress. The Department moved to dismiss the complaint, arguing that the claims were barred by sovereign immunity, that Beebe failed to state a cause of action for negligent supervision, and that the act of transferring Beebe to another cell was a discretionary one for which it was immune from suit. The trial court denied the motion to dismiss, finding that Beebe sufficiently pled his claims, and that the Department was not entitled to sovereign immunity.

A trial court's ruling on a motion to dismiss a complaint based on whether the claim is barred under the doctrine of sovereign immunity is a question of law and, thus, our review is de novo. *See Andrew v. Shands at Lake Shore, Inc.*, 970 So. 2d 887, 888–89 (Fla. 1st DCA 2007). We "[m]ust accept as true the complaint's well-pleaded factual allegations and draw all reasonable inferences from the allegation in favor of the plaintiff when reviewing an order on a motion to dismiss." *Univ. of Fla. Bd. of Trustees v. Browning*, 387 So. 3d 371, 374 (Fla. 1st DCA 2024) (citing *Medina v. Pollack*, 300 So. 3d 173, 175 (Fla. 4th DCA 2020)).

Sovereign immunity "protects the state and its subdivisions from civil liability unless such immunity is waived by legislative enactment or constitutional amendment." *Id.* In section 768.28, Florida Statutes, the Legislature set forth a limited waiver of sovereign immunity:

(1) In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for

liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general law of this state, may be prosecuted subject to the limitations specified in this act.

. . .

(9)(a) An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damages suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

§ 768.28(1), (9)(a), Fla. Stat. This statute "expressly waives governmental immunity and authorizes tort actions caused by the negligent act or omission of government employees acting within the scope of their employment under circumstances in which a private person would be liable." *Miami-Dade Cnty. v. Miller*, 19 So. 3d 1037, 1040–41 (Fla. 3d DCA 2009).

The Department argues it is sovereignly immune from suit because the alleged conduct by its staff can only be construed as

3

willful and wanton and outside the course and scope of employment, and thus, such conduct cannot support Beebe's negligence or negligent supervisions claims. "Conduct is only within the scope of employment if (a) it is the type of conduct which the employee is hired to perform, (b) it occurs substantially within the time and space limits authorized or required by the work to be performed, (c) the conduct is activated at least in part by a purpose to serve the employer." *Craft v. John Sirounis & Sons, Inc.*, 575 So. 2d 795, 796 (Fla. 4th DCA 1991). Generally, custodians are not liable for injuries sustained by an inmate as a result of an assault upon him by another inmate because the injuries are an indirect rather than a direct result of any negligence by the custodian. *See Spann v. State, Dep't of Corrs.*, 421 So. 2d 1090, 1092 (Fla. 4th DCA 1982). "In order to find that the custodian's negligence was the proximate cause of the injury it must be shown that the injury was a reasonably foreseeable consequence of that negligence." *Id.*

Based on a plain reading of section 768.28 and the facts as alleged in the complaint, we find the trial court erred when it concluded the Department was not entitled to sovereign immunity. Beebe argues that he did not sue the Department for the acts of its employees but based on the Department's own negligence and its failure to monitor the prison, its employees, or other inmates. It is true that the Department is "responsible for the inmates and for the operation of, and [has] supervisory and protective care, custody, and control of, all . . . matters connected with, the correctional system." *Desue v. State*, 908 So. 2d 1116, 1117 (Fla. 1st DCA 2005) (quoting § 945.04(1), Fla. Stat.) But Beebe's argument is not supported by a plain reading of the complaint.

Beebe alleged under the negligence claim that "the officers named herein acted inside the course and scope of employment." He also pled elsewhere in the complaint that the officers' "actions were taken in bad faith and with a malicious purpose and with a willful disregard for [Beebe's] rights." The complaint makes clear that the basis of his claims is that the named correctional officers facilitated his rape in retaliation for his mother calling the prison and telling them that Beebe needed to be placed in protective custody. Such conduct falls outside the course and scope of employment because facilitating a rape is not "the type of conduct which the employee is hired to perform." *Craft*, 575 So. 2d at 796.

4

Because the correctional officers were acting outside the course and scope of employment, the waiver of sovereign immunity found in section 768.28(1) does not apply. Accordingly, we reverse the order denying the Department's motion to dismiss and remand to the trial court with instructions to dismiss with prejudice all claims against the Department, leaving in place Bebee's intentional conduct claims against the various officers. Finding that the claims against the Department are barred by sovereign immunity, we need not address the remaining issues raised on appeal.

REVERSED and REMANDED with instructions.

OSTERHAUS, C.J., and M.K. THOMAS and NORDBY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Christopher R. Ramirez and Dawn M. McMahon, Henry Buchanan, P.A., Tallahassee, for Appellant.

Marie A. Mattox and Ashley N. Richardson, Marie A. Mattox, P.A., Tallahassee, for Appellees.