MILLS, Judge.
Sparkman seeks review of the denial of his petition for writ of prohibition and order to show cause. The dispositive issue in this appeal is whether after a denial by a court, pursuant to Florida Rule of Criminal Procedure 3.191(d)(3), of a motion to discharge, the time for commencement of trial is measured from the point when the order is announced in open court or the date when the written order is entered. We affirm the denial of the petition; however, we certify the above question as one of great public importance.
Sparkman was charged by information in September of 1983 with driving under the influence and possession of narcotics paraphernalia. He requested a continuance soon afterward and waived his right to a speedy trial. Thereafter, following various procedural motions and further continuances, Sparkman filed a motion to dismiss on speedy trial grounds with Judge Charles D. McClure, the county court judge presiding over the action. This motion, which reinstated Sparkman’s speedy trial rights, was heard and denied on 31 July 1984. However, a written order was not entered until 13 September 1984.
Sparkman, contending that the State failed to bring him to trial within 90 days of the court’s denial of his motion to dismiss in accordance with 3.191(d)(3), Fla.R. Crim.P., filed a petition for writ of prohibition and order to show cause in the circuit court. The petition was denied on 28 November 1984, and Sparkman has since been adjudicated guilty of the crimes charged. It is from the denial of the petition that this appeal arises.
*1146 Florida Rule of Criminal Procedure 3.191(d)(3) provides:
Delay and continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered under (d)(2) and that extension has not expired, or (ii) the failure to hold trial is attributable to the accused, a co-defendant in the same trial, or their counsel, or (iii) the accused was unavailable for trial under section (e), or (iv) the demand referred to in section (c) is invalid. If the court finds that discharge is not appropriate for reasons under (d)(3)(h), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial. (Emphasis added)
The order of denial in the present case was made orally during a hearing and recorded in two different manners: namely, upon form CCC-95, a record kept by the Clerk of the Leon County Court, and upon cassette tape, also kept by the Clerk of the Court for transcript purposes. Sparkman asserts that both methods of recordation were sufficient under the rule to trigger the 90-day period.
While there are no cases directly dealing with the question of when an order is considered “written or recorded” for purposes of Rule 3.191, the case of Casto v. Casto, 404 So.2d 1046 (Fla.1981), offers a direction and may be considered controlling. Casto involved the issue of whether the time for service of a motion for rehearing begins to run from the date of rendition or recording. The court held that the time period should be measured from the point the judgment is recorded.
In so doing, the court stated that the term “rendition” refers to the filing of a signed, written order and “entry of judgment” means “the recording of the judgment — the spreading of the judgment upon the court’s official records.” By differentiating between the time the judgment was signed, the time it was filed with the clerk, and the day on which it was recorded, the court implicitly found that “recorded” did not refer to the methods whereby the judge’s oral pronouncement of the order is actually preserved, as Sparkman contends. Rather, “recorded,” as used- in the Florida Rules of Civil Procedure, refers to a written account of the court proceeding or transaction, drawn up by a proper officer, which is designed to be permanent evidence of the matter to which it relates.
We therefore determine, as a matter of first impression, that the phrase “written or recorded order of denial” as used in Rule 3.191(d)(3) denotes the written account of the judge’s pronouncement which is retained as a permanent record in the court’s files. However, this court recognizes that the Florida Supreme Court may not have intended the language we have cited from Casto, a civil case, to be construed in this manner and in the context of a criminal action. Consequently, we certify as a question of great public importance the following:
Whether the time for commencement of trial is measured from the point when the order is announced in open court or the date when the written order is entered, after a denial by a court of a motion to discharge pursuant to Fla.R. Crim.P. 3.191(d)(3).
SMITH and THOMPSON, JJ., concur.