498 So.2d 892 (1986)
Daniel SPARKMAN, Petitioner,
v.
Charles D. McCLURE, Jr., etc., Respondent.
No. 68020.
Supreme Court of Florida.
November 26, 1986.
*893 Daniel Sparkman, in Pro Per.
Jim Smith, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Chief Justice.
The First District Court of Appeal has certified the following question as one of great public importance:
WHETHER THE TIME FOR COMMENCEMENT OF TRIAL IS MEASURED FROM THE POINT WHEN THE ORDER IS ANNOUNCED IN OPEN COURT OR THE DATE WHEN THE WRITTEN ORDER IS ENTERED, AFTER A DENIAL BY A COURT OF A MOTION TO DISCHARGE PURSUANT TO FLA.R.CRIM.P. 3.191(d)(3).
*894 Sparkman v. McClure, 478 So.2d 1145, 1146 (Fla. 1st DCA 1985). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We hold that, so long as some notation of the oral order is made, the time for commencement of trial is measured from the point when the order is announced in open court. Accordingly, we approve the decision of the first district in result only.
The state charged Sparkman by information with driving under the influence and possession of narcotics paraphernalia. Soon afterward, he requested a continuance, thereby waiving his speedy trial rights. Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982). Following various procedural motions and further continuances filed by both the defense and the prosecution, Sparkman filed a motion for dismissal on speedy trial grounds. County court judge Charles D. McClure, Jr., denied this motion on July 31, 1984, thereby reinstating Sparkman's speedy trial rights. Butterworth in and for Broward County v. Fluellen, 389 So.2d 968 (Fla. 1980); State v. Kerper, 393 So.2d 77 (Fla. 5th DCA 1981). On or about that date the clerk of the Leon County Court placed form CCC-95 into the court file. This form contained all the pertinent information relating to the disposition of Sparkman's case, including the case number, the presiding judge, the attorneys, the date, the charges, and the disposition of those charges. Judge McClure, however, did not place the formal written order into the court file until September 13, 1984.
On August 24, 1984 Sparkman failed to appear for a scheduled jury trial. Despite this failure, a court continuance was taken. In the interim Sparkman filed a demand for additional discovery. Subsequent to this demand, Sparkman filed a petition for writ of prohibition and order to show cause in the circuit court, contending that the state failed to bring him to trial within ninety days of the court's denial of his motion to dismiss. The court denied the petition on November 28, 1984, and Sparkman was subsequently tried and convicted of the charged crimes on November 29, 1984. On December 27, 1984 Sparkman filed in the district court an appeal of the denied writ of prohibition. On December 28, 1984 he also filed in circuit court a notice of appeal of his conviction. Noting the existence of two simultaneous appeals, the state moved for dismissal of the prohibition appeal. The district court denied this motion. On appeal the district court affirmed the circuit court's denial of the writ of prohibition, finding that, pursuant to Florida Rule of Criminal Procedure 3.191(d)(3), the speedy trial time began to run when the signed, written order was filed. The district court did, however, view the issue as one of first impression and certified the instant question to this Court.
Sparkman argues that, because the state failed to bring him to trial within ninety days from the denial in open court of his motion to dismiss on speedy trial grounds, the state could not properly try him at all. On the other hand, the state contends that the speedy trial time did not start to run until Judge McClure actually filed his signed, written order of denial. Under the state's theory, the November 29th trial took place within the ninety-day speedy trial period.
Florida Rule of Criminal Procedure 3.191(d)(3) states:
If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered under (d)(2) and that extension has not expired, or (ii) the failure to hold trial is attributable to the accused, a co-defendant in the same trial, or their counsel, or (iii) the accused was unavailable for trial under section (e), or (iv) the demand referred to in section (c) is invalid. If the court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and *895 commenced within 90 days of a written or recorded order of denial.

(Footnote omitted and emphasis added.) We first note the word "or" is generally construed in the disjunctive when used in a statute or rule. Telophase Society of Florida, Inc. v. State Board of Funeral Directors & Embalmers, 334 So.2d 563 (Fla. 1976). The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended. United States v. Garcia, 718 F.2d 1528 (11th Cir.1983), affirmed, 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984); Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983), review dismissed, 458 So.2d 271 (Fla. 1984). Accordingly, despite the state's contentions to the contrary, the phrase "written or recorded order of denial" contained in rule 3.191(d)(3) appears to contemplate that, in order to trigger the running of the speedy trial period, the order denying discharge need not be "written" so long as it is otherwise "recorded." Therefore, we must next determine whether the order in the case at bar was either written or recorded as rule 3.191(d)(3) contemplates.
The state insists, and Sparkman appears to acknowledge, that Judge McClure's order was not "written" until September 13th. Sparkman contends, however, that Judge McClure's oral denial, announced in open court on July 13th, was "recorded" on that earlier date in two ways. First, Sparkman argues that the order was recorded when the clerk prepared form CCC-95 and placed it in the court file. Second, Sparkman argues that the recording of the trial proceedings onto cassette tape satisfied rule 3.191(d)(3). Although we reject the argument that a tape recording satisfies the requirement, we agree with Sparkman's contention that the oral pronouncement of the denial in court, coupled with the clerk's preparation of form CCC-95, met the recording requirement of rule 3.191(d)(3). As we have stated before, a decision is rendered when the controversy is decided and the judgment is pronounced in court. Casto v. Casto, 404 So.2d 1046 (Fla. 1981); Wheeler Fertilizer Co. v. Rogers, 49 So.2d 83 (Fla. 1950). Logically, the speedy trial period should begin to run at the point in time when the order denying discharge is rendered. Therefore, we rule that so long as the clerk of the court makes some notation of the order, whether on a form such as CCC-95, in a minute book, or in some analogous fashion, the oral order is a recorded order. Accordingly, Sparkman's speedy trial time began running at the time of the oral pronouncement.
Nevertheless, Sparkman is not entitled to relief. Sparkman acknowledges that he failed to appear for his initial court date on August 24th. Were it not for Sparkman's failure to appear on the assigned court date, coupled with the resulting continuance, the trial would not have been postponed until November 29th. In effect, Sparkman asks this Court to reward his recalcitrance with immunity from prosecution. This we will not do.
Moreover, this case reaches us in an improper procedural posture. Sparkman has simultaneously pursued both the instant appeal from the denial of a writ of prohibition and a separate appeal from his conviction. A writ of prohibition, however, is an extraordinary writ that is used sparingly to forestall the future actions of public officials. Florida Power & Light Co. v. Stewart, 468 So.2d 233 (Fla. 4th DCA 1984). Prohibition is preventative, not corrective. Thus, it cannot be utilized to revoke an order already entered, and the writ will not lie where the proceedings below have already been completed. State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla. 1978); English v. McCrary, 348 So.2d 293 (Fla. 1977); State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974). Moreover, a defendant cannot resort to a writ of prohibition where he has an adequate remedy via appeal. State ex rel. Turner v. Earle, 295 So.2d 609 (Fla. 1974); State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313 (1940); Benton v. Circuit Court for Second Judicial Circuit, 382 So.2d 753 (Fla. 1st DCA 1980). Therefore, because Sparkman seeks to prevent a prosecution *896 that has already taken place and because Sparkman has an adequate remedy by way of the conviction appeal presently pending before the circuit court, the district court correctly affirmed the denial of the writ.
Accordingly, we approve in result the district court's decision affirming the denial of the writ of prohibition.
It is so ordered.
BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., concurs in result only.