Mr. James G. Sisco County Attorney St. Johns County Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Sisco:
According to your letter, the St. Johns Board of County Commissioners has been asked to pass a resolution by the Municipal Service District of Ponte Vedra Beach authorizing the municipal service district to operate an independent police department. Accordingly, you ask substantially the following questions:
 1) Does Ch. 82-375, Laws of Florida, authorize the Municipal Service District of Ponte Vedra Beach to establish and operate an independent police department whose officers have the full powers of a deputy sheriff or a municipal police officer?
 2) Does the St. Johns Board of County Commissioners and the governing body of the Municipal Service District of Ponte Vedra Beach have the authority to amend Ch. 82-375, Laws of Florida, by joint resolution to grant the district the authority to establish such a police department.
In sum, I am of the opinion that:
 1) The Municipal Service District of Ponte Vedra does not have the authority under Ch. 82-375, Laws of Florida, to establish a police department which has the authority to operate independently of the county.
 2) In the absence of legislative or judicial clarification, the creation of an independent police department by resolution of the governing bodies of the county and municipal service district would appear to be contrary to the expressed legislative intent of Ch. 82-375, Laws of Florida, and, thus, impermissible.
As your questions are interrelated, they will answered together.
The Municipal Service District of Ponte Vedra was created by Ch. 82-375, Laws of Florida, for the purpose of providing services to the district supplemental to those provided by St. Johns County and in cooperation with the function of the county.[1] The special act authorizes in pertinent part, the district to:
 [S]upplement within the district the performance of the following specialized services and functions of the Board of County Commissioners of St. Johns County:
 1. The provision of personnel, equipment and facilities for security, law enforcement, civil defense, emergency ambulance and rescue service, or funds therefor;[2]
2. Parking restrictions and traffic control[.][3] (e.s.)
Section 2(6) of the special act provides that the act "may be amended, with the exception of the limitation on the millage level of ad valorem taxation, by joint resolution of the governing bodies of the [Municipal Service District of Ponte Vedra Beach] and of St. Johns County." In AGO 85-14, this office was asked whether the district was authorized under this section to amend the special act to create a law enforcement program and to employ law enforcement officers.
It was concluded in AGO 85-14 that, while the district has the authority to create a law enforcement program and to employ law enforcement officers, "any such program or employment of law enforcement personnel within the municipal service district must be supplemental to and in cooperation with the county which has continuing law enforcement duties and responsibilities in the district, as required by the special act." (e.s.) Chapter 82-375, Laws of Florida, has not been amended since the AGO 85-14 was issued and I am not aware of any judicial decision which would alter the conclusions reached in that opinion.
Although the 1985 opinion stated that the district had the authority to establish a program for the employment of law enforcement officers, it did not conclude that the district had the authority to create an independent police department. As was noted in AGO 85-14, the term "supplemental" refers to something added to complete a thing or make up a deficiency, or to strengthen or extend a whole.[4]
I find nothing in the district's enabling legislation authorizing the creation of an independent police department whose officers operate independently of the county. Instead, Ch. 82-375, Laws of Florida, requires that provision of any of the services authorized therein by the district be supplemental to the authority of the county and exercised in cooperation with the county.[5]
Accordingly, I am of the opinion that the Municipal Service District of Ponte Vedra does not have the authority to establish a police department to provide law enforcement functions within the district independent from the county; rather the provisions of such services must be accomplished in cooperation with the county and are supplemental only.
Moreover, while the special act authorizes the governing bodies of the county and the municipal service district to amend the special act, I cannot conclude that such authority extends to or encompasses the authority to create an independent police department within the district with the authority to operate independently from the county. Such a conclusion would be inconsistent with the expressed intent of the special act.[6]
As this office suggested in AGO 85-14, however, in light of the lack of specificity contained in the special act, the district or the county may wish to seek clarification of its duties and responsibilities from the Legislature or from the courts.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 2(1), Ch. 82-375, Laws of Florida.
[2] The special act authorizes the district to provide personnel, equipment and facilities for law enforcement purposes "or funds therefor." See, Sparkman v. McClure, 498 So.2d 892 (Fla. 1986) (word "or" is generally construed in disjunctive when used in statutes or rules, and normally indicates that alternatives were intended). Therefore, the district's authority to provide such services would not appear to be limited to the mere funding of such personnel, equipment or facilities.
[3] Section 2(4)(g), Ch. 82-375, Laws of Florida. Compare, s.125.01(1)(q)1., F.S. (1988 Supp.), authorizing a board of county commissioners to establish municipal service taxing or benefit units for any part or all of the unincorporated area of the county to provide, among other things, law enforcement.
[4] See, The American Heritage Dictionary of the English Language 1292 (1979); The Random House Dictionary of the English Language 1429 (unabridged ed. 1967).
[5] See, s. 30.15, F.S., setting forth the powers and duties of the sheriff, including the authority to be conservator of the peace within the county.
[6] See, s. 2(1), Ch. 82-375, Laws of Florida. And see, Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985) (where reasonable differences arise as to meaning or application of a statute, legislative intent must be the polestar of judicial construction).