982 So.2d 1196 (2008)
Wendall HALL, Appellant,
v.
Officer KNIPP, Florida Department of Corrections, Appellee.
No. 1D07-0843.
District Court of Appeal of Florida, First District.
May 21, 2008.
*1197 Wendall Hall, pro se, Appellant.
Kathleen Von Hoene, General Counsel, Florida Department of Corrections, Bill McCollum, Attorney General, and Joe Belitzky, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Wendall Hall, an indigent prisoner, appeals the dismissal with prejudice of a complaint alleging that a correctional officer at the Florida State Prison wantonly, maliciously, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, withheld blankets, bed sheets, and clean clothing for some four and a half months, causing him injury and illness. The trial court reviewed the original complaint, dismissed it without prejudice, then dismissed appellant's first amended complaint with prejudice, all pursuant to section 57.085(6), Florida Statutes (2006). We affirm as to the Department of Corrections (DOC), but reverse and remand for further proceedings as to the correctional officer individually.
Sovereign immunity bars appellant's claim against DOC because the amended complaint alleges the correctional officer acted in bad faith. "The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. (2005). See Boggess v. Sch. Bd. of Sarasota County, No. 8:06-CV-2245-T-27EAJ, 2008 WL 564641 (M.D.Fla. Feb. 29, 2008); Rudloe v. Karl, 899 So.2d 1161, 1164 (Fla. 1st DCA 2005); Smith v. State, Bd. of Regents, 701 So.2d 348, 349-50 (Fla. 1st DCA 1997) ("Florida has not waived its original sovereign immunity as to acts done maliciously or in *1198 bad faith, as alleged in the complaint here on review."). "The very need to allege and prove willful, wanton or malicious conduct to sustain an action against [an employee] makes the case non-actionable against the county." Kirker v. Orange County, 519 So.2d 682, 684 (Fla. 5th DCA 1988). "In any given situation either the agency can be held liable under Florida law, or the employee, but not both." McGhee v. Volusia County, 679 So.2d 729, 733 (Fla.1996).
Like other state employees, correctional officers are not immune from suit in their individual capacity if the officers have acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. (2005). Here appellant alleged, in effect, that Officer Knipp was acting outside the scope of his employmentin the sense of not exercising power lawfully vested in himand was guilty of "an unlawful usurpation of power the officer did not rightfully possess." McGhee, 679 So.2d at 732. The amended complaint alleges that Officer Knipp wantonly or maliciously chose to breach a common law duty of reasonable care posing an unreasonable risk ofand actually causingphysical harm.
Like other custodians of persons, correctional officers have a duty to exercise reasonable care to avoid injury to persons in their custody. See Dep't of Health & Rehabilitative Servs. v. Whaley, 574 So.2d 100, 103 (Fla.1991); Harris v. Monds, 696 So.2d 446, 446 (Fla. 4th DCA 1997); see also Restatement (Second) of Torts § 314A (1965) (providing, in part, that "[o]ne who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection" has a duty "to protect [the person in custody] against unreasonable risk of physical harm").
"Whether a complaint should be dismissed is a question of law." City of Gainesville v. State, Dep't of Transp., 778 So.2d 519, 521 (Fla. 1st DCA 2001) approved 863 So.2d 138 (Fla.2003). At this stage, we are bound to accept as true for purposes of decision the amended complaint's well-pleaded factual allegations and draw all reasonable inferences from these allegations in appellant's favor. See Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002); Todd v. Johnson, 965 So.2d 255, 257 (Fla. 1st DCA 2007).
Applying these rules, the amended complaint is sufficient to withstand dismissal. See West v. Wainwright, 380 So.2d 1338, 1339 (Fla. 1st DCA 1980) (holding prisoner's complaint alleging malicious mistreatment "through `a program of deliberate abuse' consisting of denying dietary and medical treatment of appellant's illness" stated a cause of action against prison officials in their individual capacity); Harris, 696 So.2d at 447 (reversing dismissal of former prisoner's seventh amended complaint against correctional officers in their individual capacity where complaint alleged that officers acted in bad faith and with malicious purpose when they failed to protect prisoner from assault by a fellow inmate); see also Hansen v. State, 503 So.2d 1324, 1326 (Fla. 1st DCA 1987). Like the Harris court, we emphasize that, if "appellant is unable to establish facts sufficient to support a finding that [Officer Knipp] acted in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of [appellant's] safety, [Officer Knipp] will be entitled to a judgment in [his] favor." Harris, 696 So.2d at 447. But dismissing the complaint as to Officer Knipp with prejudice is not warranted under the cases.
*1199 DOC urges us to affirm on an alternative basis, namely, on grounds appellant has not yet effected service of process on Officer Knipp. See D.R. Horton, Inc.-Jacksonville v. Peyton, 959 So.2d 390, 397-98 (Fla. 1st DCA 2007) (noting that under the "tipsy coachman" rule, "[w]hen the trial court reaches the right result, but for the wrong reasons, that decision will be upheld on appeal if there is any basis which would support the judgment in the record"). But the trial court itself "intercepted" the complaint before service could be accomplished, and did so in full conformity with section 57.085(6), Florida Statutes (2006), which provides:
(6) Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief[.]
§ 57.085(6)(a) & (b), Fla. Stat. (2006). The statute calls for court review before any judicial proceeding is initiated, and the trial court conscientiously complied by conducting its review before authorizing any service of process. This circumstance ought not and does not insulate the trial court's decision that the indigent prisoner's claim does not pass muster from appellate review. In screening appellant's complaint pursuant to section 57.085(6), the trial court reached a partially erroneous conclusion on account of which it did not order service of process to which the indigent plaintiff is presumably entitled. This is no occasion for application of the tipsy coachman rule.
In sum, the trial court correctly ruled that appellant's claim fails insofar as it seeks monetary relief from DOC, a defendant who is immune from such relief. But the trial court erred in ruling that appellant failed to state a claim for which relief may be granted against Officer Knipp individually.
The judgment is reversed insofar as it dismisses the amended complaint against Officer Knipp individually and the case is remanded for further proceedings.
LEWIS and ROBERTS, JJ., concur.