SWANSON, J.
This appeal is from the trial court’s “Order of Dismissal,” dismissing with prejudice appellant’s complaint on the basis that his claim is moot or, alternatively, on the basis that appellees are immune from suit and because appellant’s additional claim for contribution “is not a cognizable cause of action” under the present circumstances. We affirm without further comment the latter ruling, but that decision is not dispositive. On the remaining points, for the reasons that follow, we hold the trial court erred in dismissing the complaint. Consequently, we reverse.
After exhausting his administrative remedies, appellant filed a complaint and, later, an amended complaint, seeking damages caused by an incident that occurred in his prison cell while he was on work duty elsewhere in the prison, initially naming as defendants the Secretary of the Department of Corrections, the prison warden, and appellees, who are employed as correctional officers by the Department. According to the complaint’s allegations, in the early morning hours of September 9, *362 2009, the toilets in appellant’s wing overflowed and the inmates were accused by appellees of intentionally flooding the cells. This prompted appellees to enter and search the cells in retaliation. During this “event,” personal property belonging to some of the inmates was damaged or destroyed. In appellant’s case, the complaint alleged appellees ripped up “$1,000.00” worth of “legal” transcripts, along with several of his books, and threw the pages in the contaminated water. In addition, it is asserted they threw three of appellant’s “Muslim kufl caps” in the toilet and urinated on them, and then damaged or destroyed other specialty items appellant used for his personal hygiene. These acts, according to the complaint, were done outside the scope of appellees’ employment and amounted to gross negligence that was “wanton,” “retaliatory,” “arbitrary and capricious.”
On September 16, 2011, a judge earlier assigned to the case entered an order granting the Secretary’s and warden’s motions to dismiss, but denying appellees’ motions. As for appellees, the judge ruled the allegations were sufficient to state a cause of action against appellees in their individual capacity, citing Hall v. Knipp, 982 So.2d 1196 (Fla. 1st DCA 2008). Thereafter, appellees filed a motion for summary judgment, relying on grievances appellant had filed in 2010, as well as an October 22, 2010, release appellant had executed. In the release, appellant stated he was voluntarily releasing the Department of Corrections “from all and any responsibility for [his] property that was lost or misplaced ... including] all grievances filed from Jan. 2010 thru [sic] October 22, 2010. All issues pertaining to inmate property is [sic] hereby resolved.” Appellees also claimed immunity from suit under section 768.28(9)(a), Florida Statutes; argued appellant failed to satisfy the conditions for contribution; and asserted that under Florida Administrative Code Rule 33-602. 203(8), they, as “officers,” were authorized to search an inmate’s cell for contraband at any time. Appellant responded to the motion by pointing out that the grievances and release appellees relied on “ha[d] nothing to do with the ease at hand” and appellees “were not authorized to destroy inmates[’] property or commit hate crimes by urinating on religious caps or take inmates[’] property without processing.”
Appellant’s complaint languished for over a year until he filed a “Motion to Hear and Rule.” In the meantime, the trial court judge who had earlier denied appellees’ motion to dismiss was reassigned and replaced by the present judge who, on January 29, 2012, reviewed appel-lees’ motion for summary judgment and, “on the court’s own motion,” dismissed appellant’s complaint because of the grievances and the release attached to the motion as exhibits. The judge held the release “involves the grievances [appellant] filed in this cause,” and, consequently, concluded the cause was moot. In the alternative, the judge ruled appellees are “immune in their individual capacity from allegations of a tort claim, as [appellant] has failed to allege ultimate facts sufficient to show a claim of wanton and willful disregard of human rights, safety or property,” as required by section 768.28(9)(a).
A careful review of the documents attached as exhibits to appellees’ motion for summary judgment supports appellant’s assertion that they are unrelated to the instant cause. The documents concern property appellant claimed had been lost during his transfer between Union Correctional Institution and Florida State Prison in 2010. They do not address the actions allegedly taken by appellees and the destroyed property at issue in his instant *363 complaint and, therefore, do not support the trial judge’s conclusion that appellant’s complaint is mooted by the language contained in the release.
Furthermore, we hold the trial judge erred in concluding, in the alternative, that appellant “failed to allege ultimate facts sufficient to show a claim of wanton and willful disregard of human rights, safety, or property,” as required by section 768.28(9)(a). Section 768.28(9)(a) reads as follows:
No officer, employee, or agent of the state or of any of its 9 subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
(Emphasis added.) “ “Whether a complaint should be dismissed is a question of law.’” Hall, 982 So.2d at 1198 (quoting City of Gainesville v. State, Dep’t of Transp., 778 So.2d 519, 521 (Fla. 1st DCA 2001)). Our standard of review is de novo. City of Gainesville, 778 So.2d at 521. At this stage of review, “we are bound to accept as true for purposes of decision the amended complaint’s well-pleaded factual allegations and draw all reasonable inferences from these allegations in appellant’s favor.” Hall, 982 So.2d at 1198 (citing Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002)). Applying this standard of review to appellant’s complaint, we conclude, as did the predecessor judge, that the allegations were sufficient to withstand a motion to dismiss. The allegations describing the manner in which appellees conducted the search of appellant’s cell as being “outside the scope of their employment,” the wanton destruction of appellant’s property, and the desecration of his religious items are sufficient at this stage of the proceedings to fall within the exception to immunity provided in section 768.28(9)(a).
Consequently, we hold the trial court erred in holding appellant failed to state a claim for which relief may be granted against appellees, individually. The final order is therefore reversed and remanded for further proceedings.
REVERSED and REMANDED.
BENTON and OSTERHAUS, JJ., concur.