# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2424
Lower Tribunal No. 21-10716
_____

**City of Miami**,
Appellant,

vs.

**Elvis Cruz, et al.**,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Victoria Méndez, City Attorney, and Christopher A. Green, Senior Assistant City Attorney, and John A. Greco, Deputy City Attorney, for appellant.

David J. Winker, P.A., and David J. Winker, for appellees.

Before EMAS, SCALES and GORDO, JJ.

EMAS, J.

Appellant, City of Miami, appeals the trial court's nonfinal order denying its motion to dismiss the complaint filed against it by appellee Elvis Cruz. The complaint alleged the City breached a settlement agreement it entered into with Cruz, and sought damages and injunctive relief. The City moved to dismiss, contending the claims asserted in Cruz's complaint were barred by the doctrine of sovereign immunity. The trial court denied the City's motion to dismiss the count of the complaint alleging the City breached a settlement agreement.[1]

We have jurisdiction, see Fla. R. App. P. 9.130(a)(3)(F)(iii) (authorizing appellate review of nonfinal orders which "deny a motion that . . . asserts entitlement to sovereign immunity"); Fla. Hwy. Patrol v. Jackson, 288 So. 3d 1179 (Fla. 2020); City of Sweetwater v. Pichardo, 314 So. 3d 540 (Fla. 3d DCA 2020), and review the trial court's order de novo. The Florida Bar v. Greene, 926 So. 2d 1195 (Fla. 2006) ("A ruling on a motion to dismiss based on a pure question of law is subject to de novo review."); City of Miami

---

[1] The complaint alleged four counts: Count One alleged breach of settlement agreement against the City; Count Two alleged breach of settlement agreement against defendant 5101 RE Co., LLC; Count Three sought injunctive relief against the City; Count Four sought injunctive relief against 5101 RE Co., LLC. The trial court dismissed Counts Three and Four seeking injunctive relief, but denied the motion to dismiss the breach of settlement counts. This appeal is limited to review of the trial court's nonfinal order denying the City's motion to dismiss Count One on the basis of sovereign immunity.

Firefighters' & Police Officers' Ret. Tr. & Plan v. Castro, 279 So. 3d 803, 806 n.11 (Fla. 3d DCA 2019); Medina v. Pollack, 300 So. 3d 173 (Fla. 4th DCA 2020).

In invoking the doctrine of sovereign immunity as a basis for dismissal of Cruz's complaint, the City raises matters which, at this stage of the proceedings, may not be considered by the trial court (or by the reviewing court). "A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." Greene, 926 So. 2d at 1196. At this stage of the proceedings, "we are bound to accept as true for purposes of decision the amended complaint's well-pleaded factual allegations and draw all reasonable inferences from these allegations in appellant's favor." Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. 1st DCA 2008) (citing Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734–35 (Fla. 2002)). As we recently observed in District Bd. of Trustees of Miami Dade College v. Verdini, 47 Fla. L. Weekly D857 at *3 (Fla. 3d DCA Apr. 13, 2022):

> In reviewing an order on a motion to dismiss, we apply the "four corners rule." Under this rule, "review for the sufficiency of a complaint to state a cause of action is limited solely to the complaint at issue and its attachments." Santiago v. Mauna Loa Invs., LLC, 189 So. 3d 752, 756 (Fla. 2016). Therefore, we review the Complaint and its attachments to determine whether

3

[plaintiff] has sufficiently alleged breach of an express, written agreement, which is necessary to overcome sovereign immunity.

See also Sierra v. Associated Marine Insts., Inc., 850 So. 2d 582, 590 (Fla. 2d DCA 2003) (observing that "sovereign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability.").

Cruz alleges in his complaint that the City breached an express written contract, a copy of which was attached to the complaint. Florida law recognizes a limited waiver of sovereign immunity where the municipality breaches an express written contract. Pan-Am Tobacco Corp. v. Dep't of Corrections, 471 So. 2d 4, 5 (Fla. 1984) (holding that "where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract"); Castro, 279 So. 3d at 806 ("In the contracts sphere, the limited waiver of sovereign immunity is founded in common law and occurs only when the municipality breaches an express written contract"); Champagne-Webber, Inc. v. City of Ft. Lauderdale, 519 So. 2d 696 (Fla. 4th DCA 1988) (applying Pan-Am holding to a municipality). We find no error in the trial court's order denying the City's motion to dismiss based on sovereign immunity.

Affirmed.