# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0217
L.T. Case No. 2023-CA-002427-A

_____

ANGEL E. GASTON,

    Appellant,

    v.

LAKE COUNTY, COUNSELING AND
DEVELOPMENT CENTER,
CENTRAL FLORIDA
PSYCHOLOGICAL CONSULTANTS,
INC., LAW OFFICE OF MICHAEL A.
GRAVES, WANDA T. GREENE,
ANDREW L. BARTHELONY,
PATRICK J. WARD, W. STEVEN
SAUNDERS, and HOWARD H.
LAWRENCE,

    Appellees.

_____

On appeal from the Circuit Court for Lake County.
Brian J. Welke, Judge.

Angel E. Gaston, Belle Glade, pro se.

No Appearance for Appellees.

February 14, 2025

MacIver, J.

Appellant Angel E. Gaston appeals an order dismissing his claim without prejudice for lack of service of process on Appellees. We agree that dismissing the claim for lack of service of process was error.

## I.

Appellant filed a complaint against Appellees in July 2023 along with a Prisoner Affidavit of Indigency. The Lake County Clerk of Court determined Appellant indigent under section 57.085(5), Florida Statutes (2024).

But rather than issuing summons and serving Appellees in accordance with section 57.085(5), in December 2023 the clerk issued a notice of failure to serve initial process and pleading on Appellant, directing him to perfect service within twenty days. Within that twenty-day period, Appellant filed a notice of good cause for failure to serve, explaining he had been determined indigent, as well as the steps he had taken to attempt service. Appellant asked the court to direct the clerk to serve the Appellees.

Instead, on January 10, 2024, the trial court dismissed Appellant's complaint without prejudice for lack of service of process. This appeal followed.

## II.

Although Appellant's claim was dismissed "without prejudice" and is not one of the "nonfinal" orders which may be reviewed under Florida Rule of Appellate Procedure 9.130, we have jurisdiction because the order ended the judicial labor in the case and is a final order for purposes of appeal. *See Carlton v. Wal-Mart Stores, Inc.*, 621 So. 2d 451, 452 (Fla. 1st DCA 1993).

Under the prisoner indigency statute, an inmate who is determined to be indigent may have the clerk issue summons and effect service on a complaint filed by the inmate, but the prepayment of costs is deferred rather than waived.[1] § 57.085, Fla.

---

[1] A court is not automatically required to effect service of a civil lawsuit initiated by an indigent inmate; instead, the court

2

Stat. The statute requires the inmate to file an affidavit of indigence with the clerk of the court, which must include detailed financial information and a photocopy of the inmate's trust account records for the preceding six months. *Id.* § 57.085(2). The clerk must review the affidavit and determine whether the inmate is indigent. *Id.* § 57.085(3). If the inmate is found to be indigent, the court will order the inmate to make an initial partial payment of at least twenty percent of the average monthly balance of the inmate's trust account for the preceding six months. *Id.* § 57.085(5). The remaining costs and fees are then paid through monthly deductions from the inmate's trust account. *Id.*; *see also Fla. Parole Comm'n v. Spaziano*, 48 So. 3d 714 (Fla. 1st DCA 2010).

Here, Appellant was determined indigent, but the court failed to follow the dictates of section 57.085 directing the clerk to serve his complaint on Appellees. Rather, the trial court prematurely proceeded under Florida Rule of Civil Procedure 1.070(j), which provides three options when a plaintiff has not properly served a defendant within 120 days after filing the complaint: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. Fla. R. Civ. P. 1.070(j). The trial court first issued a notice of failure to serve initial process and directed Appellant to effect service within twenty days, then dismissed the action without prejudice.

The trial court erred, and so we reverse and remand for the trial court, if it finds Appellant's claims legally sufficient under section 57.085(6), to direct the clerk to issue summons and effect service on the Appellees under section 57.085(5).

---

must first review the prisoner's claim to determine its legal sufficiency before any judicial proceeding is initiated or service of process is authorized. *See* § 57.085(6), Fla. Stat.; *Hall v. Knipp*, 982 So. 2d 1196, 1199 (Fla. 1st DCA 2008). Here, while the record shows no finding about the legal sufficiency of Appellant's claim, given the underlying proceedings, it is presumed that the trial court conducted an initial review of Appellant's claim and found it legally sufficient.

3

REVERSED and REMANDED for further proceedings.

MAKAR and WALLIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____