# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-1079 & 3D25-1177
Lower Tribunal No. 20-11733-CC-05
_____

**Tamara Carus,**
Petitioner,

vs.

**The Cove at Isles at Bayshore Homeowners Association, Inc., et al.,**
Respondents.


On Petition for Writ of Certiorari from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Kenzie N. Sadlak, PA, and Kenzie N. Sadlak, for petitioner.

Douglas H. Stein, P.A., and Douglas H. Stein, for respondent The Cove at Isles at Bayshore Homeowners Association, Inc.


Before SCALES, C.J., and LOGUE and LOBREE, JJ.

SCALES, C.J.

Petitioner Tamara Carus, the defendant and counter-plaintiff below, filed two petitions[1] in this Court that together seek prohibition, certiorari, and/or mandamus relief with respect to the proceedings and orders entered below in this county court action. We, sua sponte, consolidate the two petitions and, given the highly unusual procedural posture of the proceedings, dismiss the petitions without prejudice to Carus timely appealing any adverse, appealable order that the successor county court judge may enter on Carus's rehearing motion that remains pending below.

## I.    Relevant Background

In March 2016, respondent The Cove at Isles at Bayshore Homeowners Association, Inc. ("the Association") filed a two-count complaint in the Miami-Dade County circuit court seeking (i) to foreclose a claim of lien on residential property owned by Carus for unpaid homeowner's association assessments, and (ii) to recover the unpaid assessments. Over the next several years, the Association was unable to effectuate valid service of process on Carus.

After the Association dismissed its lien foreclosure count in the circuit court action, the Association, in February 2020, moved to transfer the case

---

[1] Carus's petitions were assigned appellate case numbers 3D25-1079 and 3D25-1177. Carus's son, who is a co-defendant/counter-plaintiff below, is not a party to these petitions.

to the county court for Miami-Dade County because the unpaid assessments totaled only $8,858.72, well below the circuit court's jurisdictional threshold. The circuit court transferred the case to the county court in March 2020.

After several more years of failed service attempts on Carus,[2] the Association finally, on July 28, 2023, effectuated valid service of process on Carus. Carus then filed an answer, affirmative defenses and counterclaims below, seeking in excess of $50,000 in damages against the Association. Based on the amount of damages Carus sought in her counterclaims, and citing to Florida Rule of Civil Procedure 1.170(j),[3] Carus moved to transfer the case back to the circuit court. The Association objected to Carus's transfer motion, claiming that the counterclaims' allegations as to the amount in controversy were not made in good faith. The county court orally denied Carus's transfer motion at an April 7, 2025 hearing for which we have no transcript.

---

[2] This Court invalidated the Association's attempted substitute service on Carus. See Carus v. Cove at Isles at Bayshore Homeowners Ass'n, 354 So. 3d 1111, 1115 (Fla. 3d DCA 2022).

[3] The rule states, in pertinent part, that "[i]f the demand of any counterclaim . . . exceeds the jurisdiction of the court in which the action is pending, the action must be transferred immediately to the court of the same county having jurisdiction of the demand in the counterclaim . . . with only such alterations in the pleadings as are essential." Fla. R. Civ. P. 1.170(j).

Two days later, on April 9, 2025, the case proceeded to a bench trial. Asserting that the county court lacked subject matter jurisdiction over her counterclaims, Carus and her lawyer refused to participate in the trial and left the courtroom. The county court entered a default against Carus, conducted the trial, and ultimately entered a May 5, 2025 final judgment for the Association on its claim for unpaid assessments (awarding $8,858.72) and on Carus's counterclaims. On the same day, the county court also entered a written order memorializing its earlier, oral denial of Carus's transfer motion.

Following the trial but just prior to the county court's entry of the final judgment and the order denying Carus's transfer motion, Carus filed, erroneously in the circuit court appellate division, her first petition seeking a writ of mandamus to compel the county court to transfer the case to the circuit court. Because circuit courts no longer have appellate jurisdiction over most county court appeals – including extraordinary writs[4] – the circuit court, on June 17, 2025, transferred Carus's first petition to this Court (3D25-1177).

---

[4] Effective January 1, 2021, this Court's subject matter jurisdiction was enlarged to include appeals from most orders of the county court. See Ch. 20-61, § 3, Laws of Fla. "[I]n light of this legislative enactment, a circuit court lacks extraordinary writ jurisdiction in a case where it does not have direct appellate jurisdiction." Thompson v. Thompson, 342 So. 3d 818, 821 (Fla. 3d DCA 2022).

4

Meanwhile, claiming that the county court lacked subject matter jurisdiction to adjudicate her counterclaims, Carus filed a Florida Rule of Civil Procedure 1.530 motion for rehearing below directed toward the final judgment,[5] followed by a petition in this Court seeking prohibition, certiorari and/or mandamus relief (3D25-1079).[6] The trial judge then recused himself in the lower proceedings, and Carus's rehearing motion remains pending before the successor trial court judge.

## II. Analysis

Generally, prohibition is the appropriate remedy when, as here, a party asserts that a trial court is acting without subject matter jurisdiction. See Dupree v. Dellmar, 323 So. 3d 342, 344 (Fla. 3d DCA 2021) (granting writ of prohibition where "the county court exceeded its jurisdiction in adjudicating issues related to Dupree's claims of an equitable interest in real property and in continuing to exercise jurisdiction where none exists"); Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, 103 So. 3d 896, 898 (Fla. 2d DCA 2012) ("A writ of prohibition may be appropriate if a circuit court

---

[5] Carus's rehearing motion has tolled the rendition date of the final judgment. See Fla. R. App. P. 9.020(h)(2)(A).

[6] Notwithstanding that rendition of the final judgment has been delayed by Carus's rule 1.530 rehearing motion, the record reflects that Carus also filed a premature Florida Rule of Civil Procedure 1.540(b)(4) motion below seeking to vacate the final judgment.

5

acts in excess of its jurisdiction in a given case."). As with all extraordinary writs, though, a writ of prohibition is typically not available as a substitute for a plenary appeal. See Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986) ("[A] defendant cannot resort to a writ of prohibition where he has an adequate remedy via appeal."). Moreover, it is well settled that prohibition will not lie as a remedy if the event to be prevented has already occurred. Id. ("Prohibition is preventative, not corrective. Thus, it cannot be utilized to revoke an order already entered, and the writ will not lie where the proceedings below have already been completed."); see also Mintz Truppman, P.A. v. Cozen O'Connor, PLC, 346 So. 3d 577, 580 (Fla. 2022) ("[T]he purpose of the writ [of prohibition] is to prevent a court's action beyond the scope of its jurisdiction, not to correct an erroneous exercise of jurisdiction."); Philip J. Padovano, 5. Fla. Prac., Civil Practice § 31:2. (2025 ed).

Here, Carus's first petition sought the wrong extraordinary relief (mandamus) and she filed it in the wrong court (circuit court appellate division). By the time the first petition was transferred to this Court (3D25-1177), the trial court had already conducted the trial and entered both the written order denying Carus's transfer motion and the final judgment. Adjudicating Carus's first petition (3D25-1177) (seeking a writ from this Court

6

compelling the transfer of the case to the circuit court) is unnecessary because Carus's second petition (3D25-1079) (seeking a writ from this Court prohibiting the county court from exercising jurisdiction over the case) seeks essentially the same relief. Additionally, Carus's second petition (3D25-1079) constitutes a thinly veiled challenge to the May 5, 2025 final judgment, the rendition of which has been delayed by Carus's timely filed rehearing motion that remains pending before the successor judge.

At this juncture in the proceedings, we decline to exercise original jurisdiction and adjudicate either petition. Having been raised in Carus's rehearing motion, the issue underpinning both petitions – i.e., whether the trial court has subject matter jurisdiction over the lower proceedings, an issue upon which we express no opinion – is squarely before the successor trial judge. Indeed, the petitions would be mooted if the successor trial judge were to grant Carus's rehearing motion and, if the rehearing motion is denied, Carus can timely appeal the final judgment.

We, therefore, sua sponte, consolidate the two petitions and dismiss them both without prejudice to Carus's timely appealing any adverse, appealable order that the successor county court judge may enter on Carus's pending rehearing motion.

Petitions consolidated and dismissed.

7