# Third District Court of Appeal
## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2022
Lower Tribunal No. 23-3393-CA-01
_____

**City of Miami**,
Appellant,

vs.

**Jose R. Alvarez**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Shubin Law Group, P.A., and John K. Shubin and Katherine R. Maxwell and Hannah P. Stevenson, for appellant.

AXS Law Group, PLLC, and Jeffrey W. Gutchess and Samuel Jacob Etkin Kramer, for appellee.

Before FERNANDEZ, LOGUE[1] and BOKOR, JJ.

_____

[1]Judge Logue did not participate in oral argument.

BOKOR, J.

The City of Miami appeals an order denying its motion to dismiss a civil conspiracy claim. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(F)(ii)-(iii). The City moved for dismissal on two bases: first, the City alleges that the plaintiff failed to provide notice of the claim within three years of accrual, as required by section 768.28(6)(a), Florida Statutes. Second, the City asserts sovereign immunity under section 768.28(9)(a). As explained below, the allegations in the operative complaint, which we must accept as true for purposes of this analysis, hinge on the malicious, intentional, bad faith acts of the City's employees. Because the City cannot be liable for malicious, intentional, or bad faith acts of its employees under section 768.28(9)(a), we reverse and remand for dismissal with prejudice as to the City.[2]

## I. BACKGROUND

Jose Alvarez sued the City of Miami, former City Attorney Victoria Mendez, her husband, Carlos Morales, and Morales's real estate company, Express Homes, alleging a conspiracy to defraud Alvarez and take possession of his family home. Alvarez alleges that after the City informed

---

[2] It appears from the operative complaint and the date of the notice Alvarez might have failed to provide the City with notice within three years of claim accrual as required by section 768.28(6)(a), Florida Statutes. Because we find the action to be barred under section 768.28(9)(a), we decline to address the issue of the timeliness of the presuit notice.

him of a code violation on the property, he contacted then-City Attorney Mendez for assistance. Mendez then referred Alvarez to Morales and Express Homes. According to Alvarez, Morales overrepresented the severity of the violations and the estimated remediation costs and recommended that Alvarez sell the property at a reduced price. Morales, through Express Homes, then purchased the property, remodeled it, cured the violations, and resold the property at a large markup. All these acts relied on an alleged nebulous conspiracy involving Mendez, Morales, and several City employees to fast-track permit approvals and waive applicable fines with the purpose of enriching Morales, his company Express Homes, and Mendez.

The City previously moved to dismiss due to sovereign immunity and failure to comply with the presuit notice requirements of section 768.28(6). The trial court initially denied dismissal, but we reversed and remanded for dismissal without prejudice based on the lack of presuit notice. See City of Miami v. Alvarez, 390 So. 3d 248, 250 (Fla. 3d DCA 2024). After the dismissal without prejudice, Alvarez filed the operative third amended complaint, asserting one count of fraud against Moralez and Express Homes and one count of civil conspiracy against all defendants, including the City. The conspiracy claim alleges that Mendez "acted in bad faith, with malicious purpose, and in willful disregard" of Alvarez's property rights by referring him

3

to Express Homes "with the intent to personally profit, through her husband's company, from the sale of the home."

The City again moved to dismiss the conspiracy claim, with prejudice, based on untimely notice and sovereign immunity. The trial court summarily denied the motion without explanation. This appeal followed.[3]

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity. See, e.g., Dist. Bd. of Trs. of Miami Dade Coll. v. Verdini, 339 So. 3d 413, 417 (Fla. 3d DCA 2022). For purposes of a motion to dismiss, "we are bound to accept as true the well-pled allegations of the Complaint." Mendez, 390 So. 3d at 253.

## III. ANALYSIS

Sovereign immunity for the state, its agencies, and subdivisions, including municipalities, is governed by section 768.28, Florida Statutes. The function of that statute is not to "establish any new duty of care for governmental entities," but solely to "waive that immunity which prevented recovery for breaches of existing common law duties of care." Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 917 (Fla. 1985).

---

[3] Mendez separately appealed the denial of dismissal as to the claims against her, which we affirmed. See Mendez v. Alvarez, 390 So. 3d 251 (Fla. 3d DCA 2024).

Section 768.28(9)(a) sets forth the scope of the statutory waiver of sovereign immunity and both an employee's and a sovereign entity's corresponding liability for a tort suit:

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. **The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.**

(emphasis added).

It is against that factual background that we conduct our sovereign immunity inquiry. Such "inquiry consists of whether the governmental entity remains sovereignly immune from suit notwithstanding the legislative waiver present in section 768.28, Florida Statutes." Fla. Highway Patrol v. Jackson, 288 So. 3d 1179, 1185 (Fla. 2020) (emphasis and quotation omitted). The

5

issue of sovereign immunity should be resolved "as early in the litigation as possible." Id.

The City can only be sued and held liable for acts or omissions of officers, employees, or agents acting within the scope of their employment—and even then, only where the acts were not "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." The operative complaint explicitly and repeatedly alleges that Mendez "acted in bad faith, with malicious purpose, and in willful disregard of . . . Alvarez's property rights." The sole claim against the City alleges that Mendez—the only City employee named in the complaint—acted in bad faith or with malicious purpose and in willful disregard of the plaintiff's rights by conspiring with the other defendants to defraud the plaintiff of his home. The allegations conclusively refute the City's liability. The complaint alleges actions taken in bad faith and for a malicious purpose. Such allegations include Mendez exploiting her position of trust and fraudulently referring Alvarez to her husband's company with the intent to "personally profit." It further alleges that Mendez and her husband induced Alvarez to rely on their representations about the home "so that [Morales] could purchase the home and make a profit." And it claims that the purpose of these acts was "all to enrich Mendez and Morales." The complaint does

6

not allege any specific act by the City, intentional or otherwise, except for the sending of the original code enforcement notice that prompted Alvarez to contact Mendez on his own initiative.

The complaint similarly fails to allege facts that could support liability for civil conspiracy involving the City. The elements of civil conspiracy include "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997). Thus, "an actionable conspiracy requires an actionable underlying tort or wrong." Id. The agreement element of civil conspiracy is defined as "an express or implied agreement of two or more persons to engage in a criminal or unlawful act." Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1160 (Fla. 3d DCA 2008) (quotation omitted). And this is the kicker: the agreement to engage in fraud would itself be a bad faith, malicious act, done with willful disregard of Alvarez's property rights. The alleged conspiracy here was founded on the predicate offense of fraud, which itself is an intentional tort requiring a knowing and deliberate misrepresentation of fact. See, e.g., Palafrugell Holdings, Inc. v. Cassel, 825 So. 2d 937, 939 (Fla. 3d DCA 2001); First Interstate Dev. Corp. v. Ablanedo,

7

511 So. 2d 536, 539 (Fla. 1987) ("[I]ntentional misconduct is a necessary element of fraud. Indeed, to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff."). The allegations presented fall squarely within the express exception to the waiver of sovereign immunity under section 768.28(9)(a).

Our sister court's decision in Hall v. Knipp, 982 So. 2d 1196 (Fla. 1st DCA 2008), provides more guidance. There, the First District affirmed the dismissal with prejudice of a complaint against the Florida Department of Corrections where the amended complaint also named an individual corrections officer as a defendant. The First District held that "because the amended complaint alleges the correctional officer acted in bad faith," sovereign immunity applied as a matter of law to the claims against the department. Id. at 1197. Relying on McGhee v. Volusia County, 679 So. 2d 729, 733 (Fla. 1996), the court agreed that because the complaint directly alleged that the officer was acting outside the scope of his employment, and because the court was required to accept the allegations of the complaint as true, the claim necessarily fell under the ambit of sovereign immunity under section 768.28(9)(a). Id. at 1198; see also McGhee, 679 So. 2d at 733 ("In any given situation either the agency can be held liable under Florida law, or

8

the employee, but not both."); <u>Kirker v. Orange County</u>, 519 So. 2d 682, 684 (Fla. 5th DCA 1988) ("The very need to allege and prove willful, wanton or malicious conduct to sustain an action against the [employee] makes the case non-actionable against the county . . . .").

Alvarez focuses on the fact that some of the acts alleged in the complaint may be within the scope of Mendez's job functions and therefore within the ambit of possible municipal liability. But that ignores the statutory language of section 768.28(9)(a), in which acting outside of one's job functions is but one of several disjunctive prohibitions on municipal liability. The City is "**not** liable in tort for acts or omissions of an officer, employee, or agent" provided such act or omission is "committed while acting outside the course and scope of his or her employment **or** committed in bad faith **or** with malicious purpose **or** in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. (emphasis added); <u>see also</u> <u>Sparkman v. McClure</u>, 498 So. 2d 892, 895 (Fla. 1986) (explaining that "or" triggers a disjunctive reading such "that alternatives were intended"); Antonin Scalia & Bryan A. Garner, <u>Reading Law: The Interpretation of Legal Texts</u> 119 (2012) (explaining in the context of the conjunctive/disjunctive canon that "or" joins a disjunctive list of prohibitions that is violated by any single prohibited act "when the disjunctive or is used

9

after a word such as not or without"). The allegations need trigger only one of the disjunctive prohibitions. Here, the allegations of bad faith, and the malicious, willful, conspiratorial acts of Mendez and other City employees in disregard of Alvarez's property rights trigger two or more of the statutory prohibitions on municipal liability.

Finally, the complaint fails to allege negligence by city officials that could form liability on behalf of the City for negligent acts, separate from the putative bad-faith fraudulent scheme. As to the employees and officers apart from Mendez, the complaint alleges: "Upon information and belief, some City employee, acting at the direction of some senior City official, deleted or otherwise destroyed the notes and photographs that [the code inspector] had took" and that "[u]pon information and belief, City officials failed to oppose the waiver to assist Morales in profiting from the purchase of the Alvarez home." These allegations are reincorporated into the civil conspiracy count against all defendants, including the City. Further, the complaint alleges that "[t]he City of Miami, its officials, the then City Attorney Victoria Mendez, and her subordinates, the Assistant City Attorney, and Code Enforcement Officers and officials have all conspired with Morales and Express Homes . . . all to enrich Mendez and Morales."

10

The plain and unambiguous language of the operative complaint alleges an intentional, malicious conspiracy between the former City Attorney, her husband, and various city employees to effect a fraudulent scheme to defraud the homeowner and enrich private individuals. The complaint practically tracks the language of the statutory exception for liability under section 768.28(9)(a). The legislature has expressly declined to waive sovereign immunity for these acts. We note, however, that this court has permitted the claims to proceed against Mendez, consistent with the statutory scheme. See Mendez, 390 So. 3d at 254 ("Because the Complaint sufficiently alleges that Mendez acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Alvarez's property, we affirm the trial court's order denying Mendez's motion to dismiss."); see also § 768.28(9)(a), Fla. Stat.

## IV. CONCLUSION

The operative complaint seeks relief from the City on a claim of civil conspiracy. The complaint alleges intentional, malicious acts by Mendez and other City employees in furtherance of such conspiracy. We are bound to accept the factual allegations of the complaint as true for purposes of a motion to dismiss. The factual allegations and the elements of civil conspiracy refute any possible claim of negligence that could ground

11

municipal liability under section 768.28(9)(a). The trial court therefore erred in denying the City's motion to dismiss. We reverse and remand for dismissal with prejudice as to the claim against the City.

Reversed and remanded with instructions.